IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUSTIN COOK, deceased, by and through Anthony M. Petrone, as Administrator of the Estate of Justin Cook,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF CHICAGO, a Municipal corporation; CHICAGO POLICE SERGEANT JEFF TRUHLAR, and UNKNOWN CHICAGO POLICE OFFICERS, individually and as employee/Agents of the CITY OF CHICAGO, a Municipal corporation,<br><br>Defendants. | ) ) ) No.<br>)<br>) JUDGE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AT LAW

Now comes the Plaintiff, JUSTIN COOK, deceased, by and through Anthony M. Petrone, as Administrator of the Estate of Justin Cook, by and through his attorneys, LAW OFFICE OF JEFFREY J. NESLUND; MICHAEL D. ROBBINS & ASSOCIATES and LAW OFFICE OF ROBERT ROBERTSON, and for his Complaint at Law states as follows:

### INTRODUCTION

1. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C. sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. Plaintiff, JUSTIN COOK, deceased, was an individual who, at all times relevant hereto, was living in the Northern District of Illinois.

1

4. Defendants, CHICAGO POLICE SERGEANT JEFF TRUHLAR and UNKNOWN CHICAGO POLICE OFFICERS, were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

## FACTUAL SUMMARY

5. On September 20, 2014, Plaintiff was driving a vehicle that was pulled over by Defendants, UNKNOWN CHICAGO POLICE OFFICERS, at or near 3916 W. Polk Street, Chicago, Illinois.

6. Plaintiff was stopped, detained and arrested on September 20, 2014.

7. Plaintiff, who suffered from severe asthma, began to suffer an asthmatic attack while handcuffed.

8. Plaintiff told the Defendants, CHICAGO POLICE SERGEANT JEFF TRUHLAR and UNKNOWN CHICAGO POLICE OFFICERS, that he could not breathe and that he needed immediate medical attention. It was also readily apparent to the DEFENDANT OFFICERS in observing the Plaintiff, that the Plaintiff was having great difficulty in breathing and needed immediate medical attention.

9. Defendants, CHICAGO POLICE SERGEANT JEFF TRUHLAR and UNKNOWN CHICAGO POLICE OFFICERS, failed to provide the Plaintiff with medical attention, despite the fact that the Plaintiff could not breath and was losing consciousness.

10. As a result of Defendants', CHICAGO POLICE SERGEANT JEFF TRUHLAR and UNKNOWN CHICAGO POLICE OFFICERS, failure to provide the Plaintiff with prompt and appropriate medical attention, Plaintiff died on September 20, 2014.

## COUNT I
### (42 U.S.C. § 1983: False Arrest/Unlawful Detention)

11. Plaintiff re-alleges and incorporates paragraphs 1-10 as fully stated herein.

12. As described above, DEFENDANT OFFICERS, falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

13. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the Plaintiff.

14. As a result of the above-described wrongful infringement of Plaintiff's Forth Amendment rights, Plaintiff suffered mental distress and anguish before he died.

## COUNT II
### (42 U.S.C. § 1983: Deliberate Indifference to Serious Medical Condition)

15. Plaintiff re-alleges and incorporates paragraphs 1-10 above as fully stated herein.

16. After Plaintiff was detained and handcuffed by Defendants, UNKNOWN CHICAGO POLICE OFFICERS, DEFENDANTS, knew the Plaintiff had a serious medical condition and that Plaintiff was in need of urgent medical assistance.

17. The Defendants, CHICAGO POLICE SERGEANT JEFF TRUHLAR and UNKNOWN CHICAGO POLICE OFFICERS, were deliberately indifferent to the Plaintiff's serious medical need and failed to timely call for or otherwise provide him medical assistance.

18. The deliberate indifference of Defendants', CHICAGO POLICE SERGEANT JEFF TRUHLAR and UNKNOWN CHICAGO POLICE OFFICERS, caused physical harm to the Plaintiff, including physical pain and suffering which resulted in Plaintiff's death.

19. The misconduct described in this Count constituted deliberate indifference of Plaintiff's serious medical condition and was a violation of Plaintiff's Eighth Amendment Right.

## COUNT III
**(Intentional Infliction of Severe Emotional Distress)**

20.     Plaintiff re-alleges paragraphs 2 through 10 of Plaintiff's complaint, as if fully set forth at this point.

21.     DEFENDANTS failed to secure prompt medical care for Plaintiff while he was suffering from a severe asthma attack and gasping for breath while he was detained and in their custody.

22.     The failure to call for or otherwise secure prompt medical attention for the Plaintiff's serious medical condition was willful and wanton and caused Plaintiff extreme and prolonged suffering.

23     The DEFENDANTS are employees and/or agents of the City of Chicago, and the wrongful conduct herein described was committed by each of them within the scope of their respective employment duties, as employees and/or agents of the City of Chicago.  By virtue of the fact that the Defendants' conduct was willful and wanton and was committed within the scope of their employment, DEFENDANT CITY OF CHICAGO is liable under the doctrine of *Respondeat Superior*.

24.     The failure of the DEFENDANTS to call for or otherwise secure prompt medical care to Plaintiff caused the Plaintiff severe pain and anxiety and proximately caused Plaintiff's death.

25.     The acts and conduct of DEFENDANTS as set forth above were extreme and outrageous.  DEFENDANTS intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff.

## REQUEST FOR RELIEF

26. Plaintiff, JUSTIN COOK, deceased, by and through Anthony M. Petrone, as Administrator of the Estate of Justin Cook, respectfully requests that the Court:

 a. Enter judgment in his favor and against Defendants, CHICAGO POLICE SERGEANT JEFF TRUHLAR and UNKNOWN CHICAGO POLICE OFFICERS;

 b. Award compensatory damages against Defendants, CHICAGO POLICE SERGEANT JEFF TRUHLAR and UNKNOWN CHICAGO POLICE OFFICERS;

 c. Award attorneys' fees against Defendants, CHICAGO POLICE SERGEANT JEFF TRUHLAR and UNKNOWN CHICAGO POLICE OFFICERS;

 d. Award punitive damages against Defendants, CHICAGO POLICE SERGEANT JEFF TRUHLAR and UNKNOWN CHICAGO POLICE OFFICERS; and

 e. Grant such other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, JUSTIN COOK, deceased, by and through Anthony M. Petrone, as Administrator of the Estate of Justin Cook, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

        Respectfully submitted,

        /s/ Jeffrey J. Neslund
        Jeffrey J. Neslund,
        One of the Attorneys for Plaintiff

JEFFREY J. NESLUND
LAW OFFICES OF JEFFREY J. NESLUND
20 N. Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 223-1100

MICHAEL D. ROBBINS
MICHAEL D. ROBBINS & ASSOCIATES
20 N. Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 899-8000

ROBERT ROBERTSON
LAW OFFICES OF ROBERT ROBERTSON
20 N. Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 223-8600