**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JUSTIN COOK, deceased, by and through** | ) | |
| **Anthony M. Petrone, as Administrator of the** | ) | |
| **Estate of Justin Cook,** | ) | **No.   17 CV 7997** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE JOHN J. THARP, JR.** |
| | ) | |
| **vs.** | ) | **MAGISTRATE SUSAN COX** |
| | ) | |
| **CITY OF CHICAGO, a Municipal corporation;** | ) | |
| **CHICAGO POLICE SERGEANT  JEFF** | ) | |
| **TRUHLAR, and UNKNOWN CHICAGO** | ) | |
| **POLICE OFFICERS, individually and as** | ) | |
| **employee/Agents of the CITY OF CHICAGO, a** | ) | |
| **Municipal corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>EMERGENCY MOTION TO PRESERVE</u>**

Now comes the Plaintiff, JUSTIN COOK, deceased, by and through Anthony M. Petrone, as Administrator of the Estate of Justin Cook, by and through his attorneys, LAW OFFICE OF JEFFREY J. NESLUND; MICHAEL D. ROBBINS & ASSOCIATES and LAW OFFICE OF ROBERT ROBERTSON, and for his Emergency Motion to Preserve, states as follows:

1.      The Plaintiff was taken into police custody on September 20, 2014, at or near 3916 W. Polk in the City of Chicago.

2.      That while in police custody, the Plaintiff suffered a severe asthma attack and died on September 20, 2014.

3.      Based upon information and belief, the Defendants have information regarding, and possession and/or control of POD camera surveillance videos, internal police vehicle videos, 911 calls, dispatch communications, requests for emergency medical attention, statements,

1

incident and/or traffic or arrest reports, ambulance run sheets, Attendance and Assignment (A&A) Sheets or other written materials regarding said occurrence.

4.      That the materials and items set forth in paragraph number three (3) are evidence of primary importance as to the events leading up to Plaintiff's death.  Accordingly, it is imperative that said materials and other items mentioned in paragraph three (3) of this Motion for Discovery be protected and not altered, modified, changed or disposed of by any person or entity.

5.      If the Defendants are not ordered to comply with the following request, the right to investigate and pursue this cause of action will be seriously impaired.

WHEREFORE, the  Plaintiff requests that this Honorable Court enter an Order as to the following:

A.      Order the Defendants not to modify, alter, change or dispose of any of the materials and items listed in paragraph number three (3) from their present condition;

B.      Order the Defendants to identify for Plaintiff's counsel which materials and items from paragraph number three (3) are within the possession or control of Defendants; and

C.      Order the Defendants to make available to Plaintiff's counsel said materials and items listed in paragraph number three (3) including, but not limited to, any statements taken in connection with investigating Plaintiff's detention and/or any injuries, reports pertaining to Plaintiff's injuries, any and all Dash Cam videos, POD camera videos, Event Queries, 911 calls, dispatch communications, dispatch assignments for copying and photographic purpose.

Respectfully submitted,

/s/ Jeffrey J. Neslund
Jeffrey J. Neslund, One of Plaintiff's Attorneys

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 223-1100

Michael D. Robbins
Michael D. Robbins & Associates
20 North Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 899-8000

Robert Robertson
Law Offices of Robert Robertson
20 North Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 223-8600