IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN COOK, deceased, by and through Anthony M. Petrone, as Administrator of the Estate of Justin Cook, | ) ) ) ) | No. 14 CV 7997 |
| Plaintiff, | ) ) | |
| vs. | ) ) | JUDGE JOHN J. THARP, JR. |
| CITY OF CHICAGO, a Municipal corporation; et al. | ) ) ) ) | MAGISTRATE SUSAN COX |
| Defendants. | ) | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS CERTAIN COUNTS OF PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW WITH PREJUDICE

Defendants City of Chicago, Timothy Whitmer, and Leonard Jagla ("Defendants"), through one of their attorneys, Scott A. Cohen, Assistant Corporation Counsel, for their Response to Plaintiff's Motion to Voluntarily Dismiss Certain Counts of Plaintiff's First Amended Complaint at Law with Prejudice, state as follows:

1. The parties to this lawsuit reached a settlement agreement in principle in October of 2015.

2. On December 9, 2015, a wrongful death claim was filed in state court by Vanessa Clyde on behalf of the Estate of Juwan Williams against the Estate of Justin Cook and the City of Chicago (*Clyde v. Estate of Justin Cook, et al.*, 2015CH17829) (*See* Ex. A, Complaint). That Complaint alleges Justin Cook shot and killed Juwan Williams in May of 2014.

3. Count IV of the *Clyde* Complaint seeks preliminary injunctive relief against the City of Chicago preventing the City of Chicago from disbursing the settlement proceeds in this case until such time as that case has been resolved. (Ex. A, pp. 4-7).

4. Jeffrey Deutschman, the attorney representing the Estate of Juwan Williams, gave notice to

the City of Chicago of an attorney's lien related to settlement proceeds in this case. (*See* Attorney's Lien, Ex. B).

5. In late February/early March of 2016, the parties to this case executed a settlement agreement whereby Plaintiff agreed "to a final order dismissing with prejudice all of his claims against [Defendants]." At the time of that execution, the following claims were pending against Defendants: false arrest, deliberate indifference, intentional infliction of emotional distress, wrongful death, and survival. This settlement agreement has been approved by the Chicago City Council.

6. In February of 2016, the Estate of Justin Cook and the City of Chicago both filed motions to dismiss the *Clyde* Complaint. Both parties moved for a denial of the prayer for injunctive relief and to be dismissed from the lawsuit. (*See* Motions to Dismiss, Ex. C, D). On March 25, 2016, Vanessa Clyde responded to both motions to dismiss, and on April 11, 2016, the Estate of Justin Cook and the City of Chicago filed their replies. (*See* Responses and Replies, Ex. E, F, G, H).

7. One of the arguments raised by the Estate of Justin Cook is that the prayer for injunctive relief should be denied because proceeds of a wrongful death settlement are insulated from creditors pursuant to the Illinois Wrongful Death Act. (Ex. C, pp. 4-5). In Plaintiff's response, she argues she will be entitled to the settlement proceeds because there are claims brought in this case other than the wrongful death claim. (Ex. E, pp. 5-6). The Estate of Justin Cook replied that, since the settlement proceeds in this case are to be distributed pursuant to the Wrongful Death Act, the settlement proceeds from this case are insulated from creditors. (Ex. G, p. 4).

8. On April 14, 2016, Plaintiff brought a motion seeking to voluntarily dismiss his claims of false arrest, deliberate indifference, intentional infliction of emotional distress, and survival action (i.e., all claims except for the wrongful death claim). (Docket #59).

9. To the extent dismissal of these claims could have the effect of classifying the settlement as a

2

"wrongful death settlement," Vanessa Clyde, a party who may have a valid claim to the settlement proceeds, may be precluded from attaching the proceeds.

10. Because of these issues, Defendants cannot agree to this motion. Should Vanessa Clyde prevail in her suit, Defendants do not want to open themselves to liability for participating in what *could* be perceived to be a change in the nature of the settlement agreement that was done in order to preclude a potentially valid claimant from attaching the settlement proceeds in this case.

WHEREFORE, Defendants respectfully request this Court deny Plaintiff's Motion to Dismiss Certain Counts of Plaintiff's First Amended Complaint at Law with Prejudice, and for any other relief this Court deems appropriate.

Date: April 26, 2016

/s/ Scott A. Cohen
Scott A. Cohen
Assistant Corporation Counsel

City of Chicago Department of Law
Federal Civil Rights Litigation Division
30 N. LaSalle St., Suite 900
Chicago, Illinois 60602
T: (312) 744-2568
F: (312) 744-6566
scott.cohen@cityofchicago.org