# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| VANESSA CLYDE, as Special Administrator of the Estate of JUWAN WILLIAMS, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No: 2015CH17829 CALENDAR/ROOM 02 TIME 00:00 Injunction |
| ESTATE OF JUSTIN COOK and CITY OF CHICAGO, | ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW AND FOR INJUNCTIVE RELIEF**

NOW COMES the Plaintiff, VANESSA CLYDE, as Special Administrator for the Estate of JUWAN WILLIAMS, deceased, by and through her attorneys, **DEUTSCHMAN & ASSOCIATES, P.C.**, and complains of the Defendant, JUSTIN COOK, and states as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. Plaintiff's decedent, JUWAN WILLIAMS, was an individual who resided in the City of Chicago, County of Cook, and State of Illinois, until his death on May 20, 2014, at the age of 18.

2. JUSTIN COOK resided in the City of Chicago, County of Cook, and State of Illinois at the time of JUWAN WILLIAMS's death.

3. JUSTIN COOK and JUWAN WILLIAMS knew each other prior to JUWAN WILLIAMS' death.

4. That on May 19, 2014, the Defendant's decedent, JUSTIN COOK and the Plaintiff's decedent, JUWAN WILLIAMS, got into an argument that led to an altercation that resulted in JUSTIN COOK shooting his gun at the plaintiff's decedent.

5. JUWAN WILLIAMS died on May 20, 2014 as a result of the aforementioned gunshots to his body.

6. At the time JUWAN WILLIAMS was shot, JUSTIN COOK owned, carried, operated, controlled and shot the gun that discharged the fatal bullets that killed JUWAN WILLIAMS.

## COUNT I
## WRONGFUL DEATH ACT – NEGLIGENCE

7. Plaintiff hereby incorporates and re-alleges paragraphs 1 through 6 above as though fully stated herein.

8. The Wrongful Death Act, 740 ILCS 180/1, *et seq.*, states as follows:

> "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who ... would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured...."

9. Defendant's decedent, JUSTIN COOK, owned, carried, operated, controlled and shot the gun that discharged the bullets that killed JUWAN WILLIAMS.

10. Defendant's decedent, JUSTIN COOK, had a duty to act with reasonable care in the ownership, management and control of the gun in question so as not to cause injury to members of the public, including the Plaintiff's decedent.

11. Defendant breached the aforementioned duty as follows:

   (a) The Defendant's decedent intentionally pulled the gun on the Plaintiff's decedent who was unarmed;
   (b) The Defendant's decedent intentionally shot and killed the Plaintiff's decedent who was unarmed;
   (c) Was otherwise being negligent in the ownership, use, maintenance, and/or safekeeping of the gun in question.

12. As a direct and proximate result of one or more or all of the foregoing negligent acts or omissions of Defendant's decedent, JUSTIN COOK, Plaintiff's decedent, JUWAN WILLIAMS, sustained a fatal gunshot wound, causing pecuniary injuries including but not limited to loss of society and loss of companionship to the survivors and next of kin of JUWAN WILLIAMS.

WHEREFORE, Plaintiff prays that this honorable court enter judgment in favor of Plaintiff, VANESSA CLYDE, as Special Administrator for the Estate of JUWAN WILLIAMS, and against Defendant, JUSTIN COOK, in an amount exceeding $50,000.00, plus costs, and grant any further or other relief deemed reasonable.

## COUNT II
## ASSAULT AND BATTERY

13. Plaintiff hereby incorporates and re-alleges paragraphs 1 through 12 above as though fully stated herein.

14. That on May 19, 2014, the Defendant's decedent, JUSTIN COOK, intentionally and wrongfully assaulted the Plaintiff's decedent and then and there beat, bruised, wounded, ill-treated, shot and killed the Plaintiff's decedent, JUWAN WILLIAMS, without cause or provocation on the part of the Plaintiff's decedent.

15. As a direct and proximate result of one or more or all of the foregoing negligent acts or omissions of Defendant's decedent, JUSTIN COOK, Plaintiff's decedent, JUWAN WILLIAMS, sustained a fatal gunshot wound, causing pecuniary injuries including but not limited to loss of society and loss of companionship to the survivors and next of kin of JUWAN WILLIAMS.

WHEREFORE, Plaintiff prays that this honorable court enter judgment in favor of Plaintiff, VANESSA CLYDE, as Special Administrator for the Estate of JUWAN WILLIAMS,

and against Defendant, JUSTIN COOK, in an amount exceeding $50,000.00, plus costs, and grant any further or other relief deemed reasonable.

## COUNT III
## WILLFUL AND WANTON ASSAULT AND BATTERY

16. Plaintiff hereby incorporates and re-alleges paragraphs 1 through 15 above as though fully stated herein.

17. That on May 19, 2014, the Defendant's decedent, JUSTIN COOK, intentionally and wrongfully assaulted the Plaintiff's decedent and then and there beat, bruised, wounded, ill-treated, shot and killed the Plaintiff's decedent, JUWAN WILLIAMS, without cause or provocation on the part of the Plaintiff's decedent.

18. That said assault and battery was willful, intentional and malicious.

19. As a direct and proximate result of one or more or all of the foregoing negligent acts or omissions of Defendant's decedent, JUSTIN COOK, the Plaintiff's decedent, JUWAN WILLIAMS, sustained a fatal gunshot wound, causing pecuniary injuries including but not limited to loss of society and loss of companionship to the survivors and next of kin of JUWAN WILLIAMS.

WHEREFORE, Plaintiff prays that this honorable court enter judgment in favor of Plaintiff, VANESSA CLYDE, as Special Administrator for the Estate of JUWAN WILLIAMS, and against Defendant, JUSTIN COOK, in an amount exceeding $50,000.00, plus costs, and grant any further or other relief deemed reasonable.

## COUNT IV
## PRELIMINARY INJUNCTIVE RELIEF

20. Plaintiff hereby incorporates and re-alleges paragraphs 1 through 19 above as though fully stated herein.

21. That prior to September 20, 2014, the defendant's decedent, JUSTIN COOK, was apprehended by the Chicago Police Department.

22. That on September 20, 2014, defendant's decedent, JUSTIN COOK, had an asthma attack while in the custody of the City of Chicago Police Department and died shortly thereafter.

23. That the defendant, ESTATE OF JUSTIN COOK, filed a discovery lawsuit against the City of Chicago on October 10, 2014 and the case was given the case no. of 2014 L 10570. This case was dismissed by the Circuit Court of Cook County motion judge on October 16, 2014.

24. After October 16, 2014, the attorneys for the defendant, ESTATE OF JUSTIN COOK, and representatives of the CITY OF CHICAGO entered into settlement negotiations for the wrongful death action yet to be filed.

25. That after October 16, 2014, the CITY OF CHICAGO and the defendant, ESTATE OF JUSTIN COOK, entered into a settlement of the wrongful death claim in the amount of $1,500,000.00.

26. The CITY OF CHICAGO requires that settlements of the amount involved here receive City Council approval. At the time of the filing of this lawsuit, the CITY OF CHICAGO council had not officially approved the settlement by voting motion of the CITY OF CHICAGO Department of Finance.

27. That should the CITY OF CHICAGO approve the settlement and disburse the proceeds of the settlement to the defendant, ESTATE OF JUSTIN COOK, the plaintiff's decedent's claim would not be able to be paid and the homicide committed by JUSTIN COOK would avoid punishment and justice.

28. That the plaintiff has standing to pursue injunctive relief in this matter. Without an order of this Court preventing the dissemination of the settlement proceeds the plaintiff's claim for wrongful death will not be able to be satisfied by any other source of income or proceeds.

29. That the Court should preserve the status quo until such time as the wrongful death claim/case of the Plaintiff is heard by the Court and a proper valuation of damages is set by a judge or jury.

30. That there is a likelihood that the plaintiff's claim/case will result in a judgment against the defendant ESTATE OF JUSTIN COOK in an amount of $1,000,000.00 or more.

31. That the plaintiff will suffer irreparable injury if the application for injunctive relief is not granted. Plaintiff will not have any other recourse of monetary recovery other than the proceeds from the CITY OF CHICAGO. The ESTATE OF JUSTIN COOK has indicated in its probate filing that the proceeds from the lawsuit against the CITY OF CHICAGO is the only asset of the estate.

WHEREFORE, Plaintiff prays that this honorable court enter an order for injunctive relief as against the defendant, CITY OF CHICAGO, granting an preliminary injunction preventing the CITY OF CHICAGO from disbursement of the settlement proceeds to the defendant, ESTATE OF JUSTIN COOK, and its attorneys, until such time as the claim/case of the plaintiff has been heard by judge or jury.

DEUTSCHMAN & ASSOCIATES, P.C.

*/s/ Jeff Deutschman*

Attorney for Plaintiff

Jeffrey S. Deutschman
**DEUTSCHMAN & ASSOCIATES, P.C.**
77 West Washington Street
Suite 1525
Chicago, IL 60602
(312) 419-1600
Atty No. 40171

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| VANESSA CLYDE, as Special Administrator of the Estate of JUWAN WILLIAMS, deceased, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No: |
| ESTATE OF JUSTIN COOK and CITY OF CHICAGO, | ) ) ) ) |
| Defendants. | ) |

### 222 AFFIDAVIT

I, JEFFREY S. DEUTSCHMAN, attorney for the Plaintiff, VANESSA CLYDE, hereby claim that the amount of damages sought in this claim exceeds $50,000.00.

Affiant further sayeth naught.

_____
Jeffrey S. Deutschman

DEUTSCHMAN & ASSOCIATES, P.C.
77 W. Washington
Suite 1525
Chicago, Illinois 60602
312/419-1600
Attorney No.: 40171