# EXHIBIT C

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| VANESSA CLYDE, as Special Administrator of the Estate of JUWAN WILLIAMS, deceased, </br></br>Plaintiff,</br></br>v.</br></br>ESTATE OF JUSTIN COOK and CITY OF CHICAGO,</br></br>Defendants. | No. 2015 CH 17829</br></br>Calendar 02 |

### DEFENDANT ESTATE OF JUSTIN COOK'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AT LAW AND FOR PRELIMINARY INJUNCTIVE RELIEF PURSUANT TO 735 ILCS 5/2-615

Defendant, the Estate of Justin Cook (hereinafter the "Estate") by one of its attorneys, Michael D. Robbins, Michael D. Robbins & Associates, pursuant to sections 2-615 of the Illinois Code of Civil Procedure, moves this Court to dismiss Plaintiff's Complaint at Law and for Injunctive Relief. In support of its motion, Defendant Estate states as follows:

### BACKGROUND

The Estate of Justin Cook filed a federal lawsuit against the City of Chicago ("the City") and certain individual Chicago police officers on October 14, 2014. The Estate subsequently filed an Amended Complaint on December 12, 2014 alleging violations of the decedent's constitutional rights and pursuant to the Wrongful Death Act (740 ILCS 180) and Illinois Survival Statute (735 ILCS 5/27-6). The claims arise out of the death of Justin Cook, following his arrest by Chicago police officers. On or about October 6, 2015, the Estate reached an agreement to settle the Estate's claims, which settlement is subject to the approval by the

1

Chicago City Council. It is anticipated that the settlement will be submitted to the Chicago City Council for approval in March, 2016.

Plaintiff, Vanessa Clyde, as the Special Administrator of the Estate of Juwan Williams, filed her Complaint at Law and for Injunctive Relief on or about December 9, 2015, against the Estate of Justin Cook and the City of Chicago. In that pleading, Plaintiff brings various state-law tort claims alleging that Justin Cook shot and killed Juwan Williams. In Count IV of her complaint, Plaintiff asks for a preliminary injunction preventing the City from disbursing any settlement proceeds to the Estate of Justin Cook and its attorneys, until such time as her wrongful death case proceeds to trial.

## STANDARD OF REVIEW

Illinois has adopted a fact-pleading standard under which plaintiffs must allege sufficient facts to bring a claim within a legally recognized cause of action. *Adkins v. Sarah Bush Lincoln Health Center*, 129 Ill.2d 497, 518 (1989). Section §2-615 motions "raise but a single issue: whether, when taken as true, the facts alleged in the complaint set forth a good and sufficient cause of action." *Scott Wetzel Services v. Regard*, 271 Ill. App. 3d 478, 480 (1st Dist. 1995).

In deciding a §2-615 motion, the court must accept as true all well-pled facts and must draw all reasonable inferences from those facts, as well as construe those allegations in the light most favorable to the plaintiff. *City of Chicago v. Beretta U.S.A.*, 213 Ill.2d 351, 364 (2004). A court should only accept well-pleaded facts and not conclusions. *Knox College v. Celotex Corp.*, 88 Ill.2d 407, 426 (1981). In the absence of such well pled and sufficiently specific facts, a motion to dismiss should be granted, "regardless of how many conclusions the count may contain and regardless of whether or not they inform the defendant in a general way of the nature of the claim against him." *Knox*, 88 Ill. 2d at 426.

I. **PLAINTIFF'S COMPLAINT AT LAW**

In her Complaint at Law and for Preliminary Injunctive Relief, Plaintiff purports to plead a cause of action (in three counts) arising out of an allegedly unlawful fatal shooting of the Plaintiff's decedent by Justin Cook, deceased. (Plaintiff's Complaint [hereinafter "Comp."], Exhibit 1). Other than identifying the parties and alleging that the Plaintiff's decedent died of gunshot wounds on May 20, 2014, the complaint contains only three paragraphs in which facts relating to the incident upon which the claims arose, are alleged:

> 3. JUSTIN COOK and JUWAN WILLIAMS knew each other prior to JUWAN WILLIAMS's death.
>
> 4. That on May 19, 2014, the Defendant's decedent, JUSTIN COOK and the Plaintiff's decedent, JUWAN WILLIAMS, got into an argument that led to an altercation that resulted in JUSTIN COOK shooting his gun at the plaintiff's decedent.
>
> 6. At the time JUWAN WILLIAMS was shot, JUSTIN COOK owned, carried, operated, controlled and shot the gun that discharged the fatal bullets that killed JUWAN WILLIAMS.
>
> (Comp., para 3, 4, 6)

Accordingly, the complaint merely alleges that Plaintiff's decedent and Defendant knew each other, argued, that Justin Cook possessed or owned a gun and "shot at the Plaintiff's decedent", coupled only with the additional allegation that Defendant was unarmed (Comp., para. 11 (a)). There are no facts alleging where or when the incident took place, how it happened or any other facts or circumstances pertaining to the incident which would support the claims asserted. In Illinois, a complaint must be factually sufficient - it must plead facts which bring the claim within the legally recognized cause of action alleged. If it does not, the complaint must be dismissed. *Mlade v. Finley*, 112 Ill. App. 3d 914, 918, 445 N.E.2d 1240, 1243-44 (1st Dist. 1983) (*citing People ex rel. Fahner v. Carriage Way West, Inc.*, 88 Ill.

3

2d 300, 308, 430 N.E.2d 1005 (1981)). The complaint in this case doesn't even expressly allege that the shooting was without lawful justification, let alone provide facts sufficient to put the Defendant on notice as to the specific conduct alleged. This is true with respect to the negligence claim (Count I), in which Plaintiff merely recites a litany of boilerplate breaches of duty, as well as counts alleging intentional actions (Counts II and III).

Under well settled Illinois law, a plaintiff must allege facts, not mere conclusions, in order to establish that he or she has a viable cause of action. *Napleton v. Village of Hinsdale*, 229 Ill.2d 296, 305, 891 N.E.2d 839, 845 (2008). Liberal construction will not save a complaint containing mere legal or factual conclusions, which are unsupported by specific factual allegations. *Pooh-Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 473, 905 N.E.2d 781, 789 (2009); *Mlade v. Finley*, 112 Ill. App. 3d 914, 918, 445 N.E.2d 1240, 1243-44 (1st Dist. 1983). Conclusions of fact will not suffice to state a cause of action, regardless of whether they generally inform the defendant of the nature of the claim. *Grund v. Donegan*, 298 Ill. App. 3d 1034, 1039, 700 N.E.2d 157, 161 (1st Dist. 1998).

## II. PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF SHOULD BE DENIED

### A. Proceeds of a settlement distributed pursuant to the Illinois Wrongful Death Act are not subject to creditors of an estate.

Pursuant to the Probate Act, assets of a deceased's estate are subject to the claims of creditors and chargeable with the expenses of estate administration. *Carter v. SSC Odin Operating Co., LLC*, 2012 IL 113204, par. 38 (2012) (Ex. C); 755 ILCS 5/18–14 (West 2006). Under the Wrongful Death Act, however, amounts recovered in a wrongful-death action are not subject to the provisions of the Probate Act. Instead, proceeds distributed through the Wrongful Death Act shall be distributed "to each of the surviving spouse and next of kin of such deceased

4

person in the proportion, as determined by the court, that the percentage of dependency of each such person upon the deceased person bears to the sum of the percentages of dependency of all such persons upon the deceased person." *Id.*; 740 ILCS 180/2 (West 2006). "The legislature intended that the money recovered should not be treated as a part of the estate of the deceased. They designed to exclude creditors from any benefit of it, and to prevent its passing by virtue of any provisions of the will of the deceased. The personal representative brings the action, not in right of the estate, but as trustee for those who had a more or less direct pecuniary interest in the continuance of the life of the deceased, and who had some claims, at least, upon his or her natural love and affection." *Id.* (citing *City of Chicago v. Major*, 18 Ill. 349, 358 (1857)). (See also *Berard v. Eagle Air Helicopter Inc.*, 257 Ill.App.3d 778, 916 (1994), (A wrongful death award flows directly to a surviving spouse and next of kin and does not vest in the decedent's estate).

To the extent that the Estate of Justin Cook's federal lawsuit is settled under, and the proceeds of the settlement are distributed pursuant to, the Illinois Wrongful Death Act, the Plaintiff here will have no claim against the proceeds of the settlement. *Id.* and See: *Bass by Lewis v. Wallenstein*, 769 F.2d 1173, 1189 (7th Cir. 1985). Illinois law clearly provides that the proceeds of any settlement of the federal lawsuit settled pursuant to the Illinois Wrongful Death Act would flow directly to Cook's heirs, and are specifically insulated from the creditors of Cook's Estate. If Plaintiff can plead a legally sufficient complaint, her wrongful death claim may proceed against Cook's Estate, but any judgment secured by her cannot be satisfied out of any potential proceeds received under, and distributed pursuant to, the Illinois Wrongful Death Act. Accordingly, Plaintiff's claim for preliminary injunctive relief should be denied outright as she is not (and will not be) entitled to any potential proceeds from the settlement of the federal lawsuit.

1. **Even if Plaintiff could reach the proceeds of a wrongful death settlement, she has not demonstrated that preliminary injunctive relief is appropriate.**

Even if potential settlement proceeds in the federal lawsuit were subject to creditors, Plaintiff's prayer for a preliminary injunction should nonetheless be denied. The purpose of a preliminary injunction is to preserve the status quo pending a decision on the merits of the cause. *McInnis v. OAG Motorcycle Ventures, Inc.*, 2015 IL App (1st) 142644, par. 25 (2015) (citing *Beahringer v. Page*, 204 Ill.2d 363, 379 (2003)). It is an extraordinary remedy that should apply only in situations where an extreme emergency exists and serious harm would result if the injunction is not issued. *Id.* (citing *Beahringer* at 379). As a general rule, a preliminary injunction will only be granted where the plaintiff shows it (1) has a clearly ascertainable right that needs protection, (2) will suffer irreparable harm without the protection, (3) has no adequate remedy at law, and (4) is likely to succeed on the merits. *Id.* (citing *Postma v. Jack Brown Buick, Inc.*, 157 Ill.2d 391, 399 (1993)). The decision to grant or deny injunctive relief lies within the trial court's sound discretion and its findings will not be disturbed absent an abuse of discretion. *Id.* (citing *Mohanty v. St. John Heart Clinic, S.C.*, 225 Ill.2d 52, 62–63 (2006).

2. **Plaintiff has no clearly ascertainable right.**

Plaintiff has not established a clearly ascertainable right that needs protection. Plaintiff does not have a monetary judgment with respect to her recently filed unverified complaint which is almost entirely devoid of facts upon which her purported claim against Cook's Estate is based. All Plaintiff has done is file a Complaint, replete with conclusory allegations, alleging she is entitled to compensation. The notion that Plaintiff has demonstrated a clearly ascertainable right by simply filing a Complaint requires an assumption that the facts contained in Plaintiff's Complaint are true. Such an assumption is entirely dependent upon speculation that Cook killed

6

Williams, and did so without lawful justification. Without a judgment or other legal right to the assets held in Cook's Estate, Plaintiff currently has no ascertainable right, and her prayer for injunctive relief must be denied.

### 3. Plaintiff has not demonstrated a likelihood of success on the merits.

Plaintiff has not demonstrated a likelihood of success on the merits, simply by filing her Complaint. As set forth above, Plaintiff states in conclusory fashion, "…there is a likelihood that the plaintiff's claim/case will result in a judgment against the defendant ESTATE OF JUSTIN COOK in an amount of $1,000,000.00 or more," this is unsupported by anything other than the conclusory statement itself. There is no basis to assume that that there is a likelihood Plaintiff will prevail on the merits, predicated solely upon her allegation, which is without any stated factual basis. Plaintiff has done nothing more than file a pleading alleging Justin Cook shot and killed Juwan Williams. Based on that alone, it cannot be known whether Plaintiff's claim is likely to succeed or fail, so her prayer for injunctive relief must be denied.

### CONCLUSION

**WHEREFORE**, the Defendant Estate of Justin Cook, requests this court deny Plaintiff's prayer for injunctive relief, dismiss the Estate from this action, and for any other relief this Court deems appropriate.

Respectfully Submitted,

Estate of Justin Cook

By: _____
Michael D. Robbins,
One of the Attorneys for the Estate
of Justin Cook

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

*/s/ Michael D. Robbins*

Michael D. Robbins,
One of the Attorneys for the Estate of
Justin Cook

Michael D. Robbins
Michael D. Robbins & Associates
20 North Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 899-8000
(312) 781-9123 Fax
Atty. No. 24463

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 223-1100
(312) 781-9123 Fax
Atty. No. 41155

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| VANESSA CLYDE, as Special Administrator of the Estate of JUWAN WILLIAMS, deceased, ) ) ) | | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No: 2015CH17829 CALENDAR/ROOM 02 TIME 00:00 Injunction |
| ESTATE OF JUSTIN COOK and CITY OF CHICAGO, | ) ) ) ) | |
| Defendants. | ) | |

### COMPLAINT AT LAW AND FOR INJUNCTIVE RELIEF

NOW COMES the Plaintiff, VANESSA CLYDE, as Special Administrator for the Estate of JUWAN WILLIAMS, deceased, by and through her attorneys, **DEUTSCHMAN & ASSOCIATES, P.C.**, and complains of the Defendant, JUSTIN COOK, and states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff's decedent, JUWAN WILLIAMS, was an individual who resided in the City of Chicago, County of Cook, and State of Illinois, until his death on May 20, 2014, at the age of 18.

2. JUSTIN COOK resided in the City of Chicago, County of Cook, and State of Illinois at the time of JUWAN WILLIAMS's death.

3. JUSTIN COOK and JUWAN WILLIAMS knew each other prior to JUWAN WILLIAMS' death.

4. That on May 19, 2014, the Defendant's decedent, JUSTIN COOK and the Plaintiff's decedent, JUWAN WILLIAMS, got into an argument that led to an altercation that resulted in JUSTIN COOK shooting his gun at the plaintiff's decedent.


PLAINTIFF'S EXHIBIT 1

5. JUWAN WILLIAMS died on May 20, 2014 as a result of the aforementioned gunshots to his body.

6. At the time JUWAN WILLIAMS was shot, JUSTIN COOK owned, carried, operated, controlled and shot the gun that discharged the fatal bullets that killed JUWAN WILLIAMS.

## COUNT I
## WRONGFUL DEATH ACT – NEGLIGENCE

7. Plaintiff hereby incorporates and re-alleges paragraphs 1 through 6 above as though fully stated herein.

8. The Wrongful Death Act, 740 ILCS 180/1, *et seq.*, states as follows:

> "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who … would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured…."

9. Defendant's decedent, JUSTIN COOK, owned, carried, operated, controlled and shot the gun that discharged the bullets that killed JUWAN WILLIAMS.

10. Defendant's decedent, JUSTIN COOK, had a duty to act with reasonable care in the ownership, management and control of the gun in question so as not to cause injury to members of the public, including the Plaintiff's decedent.

11. Defendant breached the aforementioned duty as follows:

   (a) The Defendant's decedent intentionally pulled the gun on the Plaintiff's decedent who was unarmed;
   (b) The Defendant's decedent intentionally shot and killed the Plaintiff's decedent who was unarmed;
   (c) Was otherwise being negligent in the ownership, use, maintenance, and/or safekeeping of the gun in question.

2

12. As a direct and proximate result of one or more or all of the foregoing negligent acts or omissions of Defendant's decedent, JUSTIN COOK, Plaintiff's decedent, JUWAN WILLIAMS, sustained a fatal gunshot wound, causing pecuniary injuries including but not limited to loss of society and loss of companionship to the survivors and next of kin of JUWAN WILLIAMS.

WHEREFORE, Plaintiff prays that this honorable court enter judgment in favor of Plaintiff, VANESSA CLYDE, as Special Administrator for the Estate of JUWAN WILLIAMS, and against Defendant, JUSTIN COOK, in an amount exceeding $50,000.00, plus costs, and grant any further or other relief deemed reasonable.

## COUNT II
## ASSAULT AND BATTERY

13. Plaintiff hereby incorporates and re-alleges paragraphs 1 through 12 above as though fully stated herein.

14. That on May 19, 2014, the Defendant's decedent, JUSTIN COOK, intentionally and wrongfully assaulted the Plaintiff's decedent and then and there beat, bruised, wounded, ill-treated, shot and killed the Plaintiff's decedent, JUWAN WILLIAMS, without cause or provocation on the part of the Plaintiff's decedent.

15. As a direct and proximate result of one or more or all of the foregoing negligent acts or omissions of Defendant's decedent, JUSTIN COOK, Plaintiff's decedent, JUWAN WILLIAMS, sustained a fatal gunshot wound, causing pecuniary injuries including but not limited to loss of society and loss of companionship to the survivors and next of kin of JUWAN WILLIAMS.

WHEREFORE, Plaintiff prays that this honorable court enter judgment in favor of Plaintiff, VANESSA CLYDE, as Special Administrator for the Estate of JUWAN WILLIAMS,

and against Defendant, JUSTIN COOK, in an amount exceeding $50,000.00, plus costs, and grant any further or other relief deemed reasonable.

## COUNT III
## WILLFUL AND WANTON ASSAULT AND BATTERY

16. Plaintiff hereby incorporates and re-alleges paragraphs 1 through 15 above as though fully stated herein.

17. That on May 19, 2014, the Defendant's decedent, JUSTIN COOK, intentionally and wrongfully assaulted the Plaintiff's decedent and then and there beat, bruised, wounded, ill-treated, shot and killed the Plaintiff's decedent, JUWAN WILLIAMS, without cause or provocation on the part of the Plaintiff's decedent.

18. That said assault and battery was willful, intentional and malicious.

19. As a direct and proximate result of one or more or all of the foregoing negligent acts or omissions of Defendant's decedent, JUSTIN COOK, the Plaintiff's decedent, JUWAN WILLIAMS, sustained a fatal gunshot wound, causing pecuniary injuries including but not limited to loss of society and loss of companionship to the survivors and next of kin of JUWAN WILLIAMS.

WHEREFORE, Plaintiff prays that this honorable court enter judgment in favor of Plaintiff, VANESSA CLYDE, as Special Administrator for the Estate of JUWAN WILLIAMS, and against Defendant, JUSTIN COOK, in an amount exceeding $50,000.00, plus costs, and grant any further or other relief deemed reasonable.

## COUNT IV
## PRELIMINARY INJUNCTIVE RELIEF

20. Plaintiff hereby incorporates and re-alleges paragraphs 1 through 19 above as though fully stated herein.

21.     That prior to September 20, 2014, the defendant's decedent, JUSTIN COOK, was apprehended by the Chicago Police Department.

22.     That on September 20, 2014, defendant's decedent, JUSTIN COOK, had an asthma attack while in the custody of the City of Chicago Police Department and died shortly thereafter.

23.     That the defendant, ESTATE OF JUSTIN COOK, filed a discovery lawsuit against the City of Chicago on October 10, 2014 and the case was given the case no. of 2014 L 10570. This case was dismissed by the Circuit Court of Cook County motion judge on October 16, 2014.

24.     After October 16, 2014, the attorneys for the defendant, ESTATE OF JUSTIN COOK, and representatives of the CITY OF CHICAGO entered into settlement negotiations for the wrongful death action yet to be filed.

25.     That after October 16, 2014, the CITY OF CHICAGO and the defendant, ESTATE OF JUSTIN COOK, entered into a settlement of the wrongful death claim in the amount of $1,500,000.00.

26.     The CITY OF CHICAGO requires that settlements of the amount involved here receive City Council approval. At the time of the filing of this lawsuit, the CITY OF CHICAGO council had not officially approved the settlement by voting motion of the CITY OF CHICAGO Department of Finance.

27.     That should the CITY OF CHICAGO approve the settlement and disburse the proceeds of the settlement to the defendant, ESTATE OF JUSTIN COOK, the plaintiff's decedent's claim would not be able to be paid and the homicide committed by JUSTIN COOK would avoid punishment and justice.

28. That the plaintiff has standing to pursue injunctive relief in this matter. Without an order of this Court preventing the dissemination of the settlement proceeds the plaintiff's claim for wrongful death will not be able to be satisfied by any other source of income or proceeds.

29. That the Court should preserve the status quo until such time as the wrongful death claim/case of the Plaintiff is heard by the Court and a proper valuation of damages is set by a judge or jury.

30. That there is a likelihood that the plaintiff's claim/case will result in a judgment against the defendant ESTATE OF JUSTIN COOK in an amount of $1,000,000.00 or more.

31. That the plaintiff will suffer irreparable injury if the application for injunctive relief is not granted. Plaintiff will not have any other recourse of monetary recovery other than the proceeds from the CITY OF CHICAGO. The ESTATE OF JUSTIN COOK has indicated in its probate filing that the proceeds from the lawsuit against the CITY OF CHICAGO is the only asset of the estate.

WHEREFORE, Plaintiff prays that this honorable court enter an order for injunctive relief as against the defendant, CITY OF CHICAGO, granting an preliminary injunction preventing the CITY OF CHICAGO from disbursement of the settlement proceeds to the defendant, ESTATE OF JUSTIN COOK, and its attorneys, until such time as the claim/case of the plaintiff has been heard by judge or jury.

**DEUTSCHMAN & ASSOCIATES, P.C.**

Attorney for Plaintiff

Jeffrey S. Deutschman
**DEUTSCHMAN & ASSOCIATES, P.C.**
77 West Washington Street
Suite 1525
Chicago, IL 60602
(312) 419-1600
Atty No. 40171

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

VANESSA CLYDE, as Special Administrator )
of the Estate of JUWAN WILLIAMS, deceased, )
)
                   Plaintiff, )
)
vs. ) No:
)
ESTATE OF JUSTIN COOK and )
CITY OF CHICAGO, )
)
                   Defendants. )

## 222 AFFIDAVIT

I, JEFFREY S. DEUTSCHMAN, attorney for the Plaintiff, VANESSA CLYDE,

hereby claim that the amount of damages sought in this claim exceeds $50,000.00.

Affiant further sayeth naught.

                                                      Jeffrey S. Deutschman

DEUTSCHMAN & ASSOCIATES, P.C.
77 W. Washington
Suite 1525
Chicago, Illinois 60602
312/419-1600
Attorney No.: 40171