# EXHIBIT D

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

VANESSA CLYDE, as Special Administrator )
of the Estate of JUWAN WILLIAMS, deceased, )
                                   )     No. 2015 CH 17829
           Plaintiff, )
                                   )     Calendar 02
       v. )
                                     )
ESTATE OF JUSTIN COOK and )
CITY OF CHICAGO, )
                                     )
           Defendants. )

**DEFENDANT CITY OF CHICAGO'S AMENDED MOTION TO DISMISS
PLAINTIFF'S CLAIM FOR PRELIMINARY INJUNCTIVE RELIEF
PURSUANT TO 735 ILCS 5/2-615**

       Defendant City of Chicago (hereinafter referred to as the "City") by one of its attorneys,

Scott A. Cohen, Assistant Corporation Counsel, pursuant to section 2-615 of the Illinois Code of

Civil Procedure, moves this Court to strike Plaintiff's claim for preliminary injunctive relief, and in

support thereof states as follows:

**BACKGROUND**

       In late 2014, a federal lawsuit was brought by the Estate of Justin Cook against the City of

Chicago and individual officers alleging violations of Cook's constitutional rights and pursuant to

the Wrongful Death Act (740 ILCS 180) and Illinois Survival Statute (735 ILCS 5/27-6) in

connection with his death following his arrest by Chicago police officers. (See Ex. A, controlling

First Amended Complaint, filed on December 12, 2014). On or about October 6, 2015, the parties

reached an agreement in principal based on a recommendation of the defendants' counsel to settle

Cook's claims, but that recommendation is subject to approval by the Chicago City Council. The

council has not yet considered or approved the recommendation.

After learning of this agreement regarding settlement of the federal lawsuit, Plaintiff,

Vanessa Clyde, as the Special Administrator of the Estate of Juwan Williams, filed her Complaint at

Law and for Injunctive Relief on or about December 9, 2015, against the Estate of Justin Cook and

the City of Chicago. (Ex. B). In that pleading, Plaintiff brings various state-law tort claims alleging

Justin Cook shot and killed Juwan Williams on May 20, 2014. In Count IV, Plaintiff asks for a

preliminary injunction preventing the City from disbursing any settlement proceeds to the Estate of

Justin Cook until such time as her wrongful death case proceeds to trial.

## STANDARD OF REVIEW

Illinois is a fact pleading state. Pursuant to the fact-pleading standard, Plaintiffs must allege

sufficient facts to bring a claim within a legally recognized cause of action. *Adkins v. Sarah Bush*

*Lincoln Health Center*, 129 Ill.2d 497, 518 (1989). A motion to dismiss brought under section 2-615(a)

of the Code (735 ILCS 5/2-615(a) (West 2008)) challenges the legal sufficiency of the complaint by

showing defects on its face. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 484 (1994). More

specifically, §2-615 motions "raise but a single issue: whether, when taken as true, the facts alleged in

the complaint set forth a good and sufficient cause of action." *Scott Wetzel Services v. Regard*, 271 Ill.

App. 3d 478, 480 (1st Dist. 1995).

When deciding a §2-615 motion, a court must accept as true all well-pleaded facts and

reasonable inferences that may be drawn from those facts, and construe those allegations in the light

most favorable to the Plaintiff. *City of Chicago v. Beretta U.S.A.,* 213 Ill.2d 351, 364 (2004). A court,

however, may not liberally construe pleadings devoid of any ultimate facts to aid the non-movant in

meeting this burden. *Id.* At 369. More specifically, a motion should only admit well-pleaded facts and

not conclusions. *Knox College v. Celotex Corp.*, 88 Ill.2d 407, 426 (1981). If not, the motion must be

granted, "regardless of how many conclusions the count may contain and regardless of whether or

not they inform the defendant in a general way of the nature of the claim against him." *Knox*, 88 Ill. 2d at 426.

## PLAINTIFF'S PRAYER FOR A PRELIMINARY INJUNCTION SHOULD BE DENIED.

**1. Plaintiff has not demonstrated that preliminary injunctive relief is appropriate.**

Plaintiff's prayer for a preliminary injunction should be denied. The purpose of a preliminary injunction is to preserve the status quo pending a decision on the merits of the cause. *McInnis v. OAG Motorcycle Ventures, Inc.*, 2015 IL App (1st) 142644, par. 25 (2015) (citing *Beahringer v. Page*, 204 Ill.2d 363, 379 (2003)). It is an extraordinary remedy that should apply only in situations where an extreme emergency exists and serious harm would result if the injunction is not issued. *Id.* (citing *Beahringer* at 379). As a general rule, a preliminary injunction will only be granted where the plaintiff shows it (1) has a clearly ascertainable right that needs protection, (2) will suffer irreparable harm without the protection, (3) has no adequate remedy at law, and (4) is likely to succeed on the merits. *Id.* (citing *Postma v. Jack Brown Buick, Inc.*, 157 Ill.2d 391, 399 (1993)). The decision to grant or deny injunctive relief lies within the trial court's sound discretion and its findings will not be disturbed absent an abuse of discretion. *Id.* (citing *Mohanty v. St. John Heart Clinic, S.C.*, 225 Ill.2d 52, 62–63 (2006).

**a. Plaintiff has no clearly ascertainable right.**

Plaintiff has not established a clearly ascertainable right that needs protection. Plaintiff does not have a monetary judgment with respect to her newly-filed state-law claims against Cook's estate. All Plaintiff has done is file a Complaint alleging she is entitled to compensation. The notion that Plaintiff has demonstrated a clearly ascertainable right by simply filing a Complaint requires an assumption that the facts contained in Plaintiff's Complaint are true. Such an assumption can rely only on speculation that Cook shot and killed Williams, something for which he was not charged.

3

Without a judgment or other legal right to the assets held in Cook's Estate, Plaintiff currently has no ascertainable right, and his prayer for injunctive relief must be denied.

    **b. Plaintiff has not demonstrated a likelihood of success on the merits.**

Plaintiff has not demonstrated a likelihood of success on the merits by simply filing her Complaint. It cannot be deduced from Plaintiff's Complaint that there is a likelihood of success on the merits. While Plaintiff states in conclusory fashion, "…there is a likelihood that the plaintiff's claim/case will result in a judgment against the defendant ESTATE OF JUSTIN COOK in an amount of $1,000,000.00 or more," this is unsupported by anything other than the statement itself. It cannot be taken as true that Plaintiff will likely succeed on the merits simply because she says so. Plaintiff has done nothing more than file a pleading alleging Justin Cook shot and killed Juwan Williams. Based on that alone, it cannot be known whether Plaintiff's claim is likely to succeed or fail, so her prayer for injunctive relief must be denied.

    **c. Plaintiff has another adequate remedy at law.**

Plaintiff's prayer for injunctive relief should be denied against the City because she has another adequate remedy at law. In her Complaint, Plaintiff asks this Court to "… enter an order for injunctive relief as against the defendant, CITY OF CHICAGO, granting an [sic] preliminary injunction preventing the CITY OF CHICAGO from disbursement of the settlement proceeds to the defendant, ESTATE OF JUSTIN COOK, and its attorneys…" (Ex. B, p. 7). Plaintiff could just as well seek an injunctive order which would (1) allow the City to disburse funds to Cook's Estate but (2) prevent disbursement of potential settlement funds to Cook's heirs pending the resolution of her wrongful death claim. This would have the same effect of preserving the funds in the event Plaintiff does secure a judgment while at the same time obviating the need for an injunctive order against the City, a party that is otherwise not involved in Plaintiff's claim against Cook's Estate.

Plaintiff's prayer for injunctive relief against the City should therefore be denied because such an order would more properly be entered against Cook's Estate rather than the City.

## CONCLUSION

**WHEREFORE**, the Defendant City of Chicago, requests this court deny Plaintiff's prayer for injunctive relief, dismiss the City of Chicago from this action, and for any other relief this Court deems appropriate.

Date: February 2, 2016

Respectfully Submitted,

City of Chicago

By: _____

One of Defendant's Attorneys

Scott A. Cohen
Assistant Corporation Counsel
Attorney No. 6292577
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-2568 Office
(312) 744-6566 Fax

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

_____

Attorney for Defendant City of Chicago

5

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN COOK, deceased, by and through Anthony M. Petrone, as Administrator of the Estate of Justin Cook, | ) ) ) | No.   14 CV 7997 |
| | ) | |
| Plaintiff, | ) ) | JUDGE JOHN J. THARP, JR. |
| | ) | |
| vs. | ) ) | MAGISTRATE SUSAN COX |
| | ) | |
| CITY OF CHICAGO, a Municipal corporation; CHICAGO POLICE SERGEANT  JEFF TRUHLAR, Star # 2128, CHICAGO POLICE OFFICERS TIMOTHY WHITMER, Star #14962, and LEONARD JAGLA III, Star #19415, individually and as employee/Agents of the CITY OF CHICAGO, a Municipal corporation, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT AT LAW

Now comes the Plaintiff, JUSTIN COOK, deceased, by and through Anthony M. Petrone, as Administrator of the Estate of Justin Cook, by and through his attorneys, LAW OFFICE OF JEFFREY J. NESLUND; MICHAEL D. ROBBINS & ASSOCIATES and LAW OFFICE OF ROBERT ROBERTSON, and for his Complaint at Law states as follows:

## INTRODUCTION

1.     This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2.     Venue in this district is proper pursuant to 28 U.S.C. sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

1

3.     Plaintiff, JUSTIN COOK, deceased, was an individual who, at all times relevant hereto, was living in the Northern District of Illinois.

4.     Defendants, CHICAGO POLICE SERGEANT JEFF TRUHLAR, Star #2128; CHICAGO POLICE OFFICER TIMOTHY WHITMER, Star #14962 and CHICAGO POLICE OFFICER LEONARD JAGLA III, Star #19415, were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

## FACTUAL SUMMARY

5.     On September 20, 2014, Plaintiff was driving a vehicle that was pulled over by DEFENDANT CHICAGO POLICE OFFICERS WHITMER and JAGLA, at or near 3916 W. Polk Street, Chicago, Illinois.

6.     Plaintiff was stopped, detained and arrested by Defendants, CHICAGO POLICE OFFICERS WHITMER and JAGLA, on September 20, 2014.

7.     Plaintiff, who suffered from severe asthma, began to suffer an asthmatic attack while in Defendants, CHICAGO POLICE OFFICERS WHITMER and JAGLA'S custody.

8.     Rather than call for an ambulance or drive Plaintiff directly to a hospital, Defendants, CHICAGO POLICE OFFICERS WHITMER and JAGLA, called for Defendant, CHICAGO POLICE SERGEANT JEFF TRUHLAR.

9.     Plaintiff told the Defendants, CHICAGO POLICE SERGEANT JEFF TRUHLAR and CHICAGO POLICE OFFICERS WHITMER and JAGLA that he could not breathe and that he needed immediate medical attention. It was also readily apparent to the DEFENDANT OFFICERS in observing the Plaintiff, that the Plaintiff was having great difficulty in breathing and needed immediate medical attention.

2

10. Defendants, CHICAGO POLICE SERGEANT JEFF TRUHLAR and CHICAGO POLICE OFFICERS WHITMER and JAGLA, failed to provide the Plaintiff with medical attention, despite the fact that the Plaintiff could not breathe and was losing consciousness.

11. As a result of Defendants', CHICAGO POLICE SERGEANT JEFF TRUHLAR and CHICAGO POLICE OFFICERS WHITMER and JAGLA, failure to provide the Plaintiff with prompt and appropriate medical attention, Plaintiff died on September 20, 2014.

## COUNT I
### (42 U.S.C. § 1983: False Arrest/Unlawful Detention)

12. Plaintiff re-alleges and incorporates paragraphs 1-11 as fully stated herein.

13. As described above, DEFENDANT OFFICERS, falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

14. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the Plaintiff.

15. As a result of the above-described wrongful infringement of Plaintiff's Forth Amendment rights, Plaintiff suffered mental distress and anguish before he died.

## COUNT II
### (42 U.S.C. § 1983: Deliberate Indifference to Serious Medical Condition)

16. Plaintiff re-alleges and incorporates paragraphs 1-11 above as fully stated herein.

17. After Plaintiff was detained and handcuffed by Defendants, CHICAGO POLICE OFFICERS WHITMER and JAGLA, Defendants knew the Plaintiff had a serious medical condition and that Plaintiff was in need of urgent medical assistance.

18. The Defendants, CHICAGO POLICE SERGEANT JEFF TRUHLAR and CHICAGO POLICE OFFICERS WHITMER and JAGLA, were deliberately indifferent to the

Plaintiff's serious medical need and failed to timely call for or otherwise provide him medical assistance.

19.     The deliberate indifference of Defendants', CHICAGO POLICE SERGEANT JEFF TRUHLAR and CHICAGO POLICE OFFICERS WHITMER and JAGLA, caused physical harm to the Plaintiff, including physical pain and suffering which resulted in Plaintiff's death.

20.     The misconduct described in this Count constituted deliberate indifference of Plaintiff's serious medical condition and was a violation of Plaintiff's Eighth Amendment Right.

### COUNT III
### (Intentional Infliction of Severe Emotional Distress)

21.     Plaintiff re-alleges paragraphs 1 through 11 of Plaintiff's complaint, as if fully set forth at this point.

22.     DEFENDANTS failed to secure prompt medical care for Plaintiff while he was suffering from a severe asthma attack and gasping for breath while he was detained and in their custody.

23.     The failure to call for or otherwise secure prompt medical attention for the Plaintiff's serious medical condition was willful and wanton and caused Plaintiff extreme and prolonged suffering.

24.     The DEFENDANTS are employees and/or agents of the City of Chicago, and the wrongful conduct herein described was committed by each of them within the scope of their respective employment duties, as employees and/or agents of the City of Chicago. By virtue of the fact that the Defendants' conduct was willful and wanton and was committed within the

scope of their employment, DEFENDANT CITY OF CHICAGO is liable under the doctrine of *Respondeat Superior.*

25.    The failure of the DEFENDANTS to call for or otherwise secure prompt medical care to Plaintiff caused the Plaintiff severe pain and anxiety and proximately caused Plaintiff's death.

26.    The acts and conduct of DEFENDANTS as set forth above were extreme and outrageous. DEFENDANTS intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff.

### COUNT IV
### (740 ILCS 180: Wrongful Death)

27.    Plaintiff re-alleges paragraphs 1-11 of Plaintiff's complaint as if fully set forth at this point.

28.    In September 2014, and for sometime prior thereto, there was in full force and effect in the State of Illinois a certain Act, commonly known as the Wrongful Death Act, 740 ILCS 180.

29.    That Justin Cook, deceased, left surviving, the following minor descendants: Justin Cook, Jr. (DOB: 09/08/2011); Amiyah Cook (DOB: 01/07/2014); and Justice Cook (DOB: 07/18/2014) who as a consequence of said careless and negligent acts and/or omissions of the defendants, suffered pecuniary injuries including but not limited to, society, companionship, felicity, guidance, attention, advice, training, instruction and any and all other elements of loss of consortium.

30.    Anthony M. Petrone has been appointed Administrator of the Estate of Justin Cook, deceased, for the purpose of prosecuting this action.

5

WHEREFORE, the Plaintiff, Justin Cook, deceased by and through Anthony M. Petrone, the Administrator of the Estate of Justin Cook, demands judgment against the DEFENDANTS in a dollar amount sufficient to compensate the Plaintiff for his loss, together with the costs of this suit.

## COUNT V
### (735 ILCS 5/27-6:  Survival Action)

31.     Plaintiff re-alleges paragraphs 1-11 of Plaintiff's complaint as if fully set forth at this point.

32.     Justin Cook sustained conscious pain and suffering prior to his death as the direct and proximate result of one or more of the Defendants' willful and wanton conduct in refusing the Plaintiff critical medical care despite their knowledge of Plaintiff's serious medical condition and obvious need for immediate medical treatment. Justin Cook would have been entitled to receive compensation from the Defendants, had he survived.

33.     Anthony M. Petrone, as Administrator of the Estate of Justin Cook, brings this action pursuant to the Illinois Survival Statute, 735 ILCS 5/27-6.

WHEREFORE, Plaintiff demands judgment against the Defendants in a dollar amount sufficient to compensate the Plaintiff for his loss, together with the costs of this suit.

## REQUEST FOR RELIEF

33.     Plaintiff, JUSTIN COOK, deceased, by and through Anthony M. Petrone, as Administrator of the Estate of Justin Cook, respectfully requests that the Court:

a.     Enter judgment in his favor and against Defendants, CHICAGO POLICE SERGEANT JEFF TRUHLAR; CHICAGO POLICE OFFICER WHITMER and CHICAGO POLICE OFFICER JAGLA;

b.     Award compensatory damages against Defendants, CHICAGO POLICE SERGEANT JEFF TRUHLAR; CHICAGO POLICE OFFICER WHITMER and CHICAGO POLICE OFFICER JAGLA;

c.      Award attorneys' fees against Defendants, CHICAGO POLICE SERGEANT JEFF TRUHLAR; CHICAGO POLICE OFFICER WHITMER and CHICAGO POLICE OFFICER JAGLA;

d.      Award punitive damages against Defendants, CHICAGO POLICE SERGEANT JEFF TRUHLAR; CHICAGO POLICE OFFICER WHITMER and CHICAGO POLICE OFFICER JAGLA; and

e.      Grant such other relief this Court deems just and appropriate.

### JURY DEMAND

Plaintiff, JUSTIN COOK, deceased, by and through Anthony M. Petrone, as Administrator of the Estate of Justin Cook, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ Jeffrey J. Neslund
Jeffrey J. Neslund,
One of the Attorneys for Plaintiff

JEFFREY J. NESLUND
LAW OFFICES OF JEFFREY J. NESLUND
20 N. Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 223-1100

MICHAEL D. ROBBINS
MICHAEL D. ROBBINS & ASSOCIATES
20 N. Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 899-8000

ROBERT ROBERTSON
LAW OFFICES OF ROBERT ROBERTSON
20 N. Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 223-8600

# EXHIBIT B

DEC-09-2015 17:21 From:WIRE DESK                                    To:8ST 312SZE2146                 P.16

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| VANESSA CLYDE, as Special Administrator | ) | |
| of the Estate of JUWAN WILLIAMS, deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No: |
| | ) | 2015CH17829 |
| ESTATE OF JUSTIN COOK and | ) | CALENDAR/ROOM 02 |
| CITY OF CHICAGO, | ) | TIME 00:00 |
| | ) | Injunction |
| Defendants. | ) | |

### COMPLAINT AT LAW AND FOR INJUNCTIVE RELIEF

NOW COMES the Plaintiff, VANESSA CLYDE, as Special Administrator for the Estate of JUWAN WILLIAMS, deceased, by and through her attorneys, **DEUTSCHMAN & ASSOCIATES, P.C.**, and complains of the Defendant, JUSTIN COOK, and states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1.     Plaintiff's decedent, JUWAN WILLIAMS, was an individual who resided in the City of Chicago, County of Cook, and State of Illinois, until his death on May 20, 2014, at the age of 18.

2.     JUSTIN COOK resided in the City of Chicago, County of Cook, and State of Illinois at the time of JUWAN WILLIAMS's death.

3.     JUSTIN COOK and JUWAN WILLIAMS knew each other prior to JUWAN WILLIAMS' death.

4.     That on May 19, 2014, the Defendant's decedent, JUSTIN COOK, and the Plaintiff's decedent, JUWAN WILLIAMS, got into an argument that led to an altercation that resulted in JUSTIN COOK shooting his gun at the plaintiff's decedent.

5.      JUWAN WILLIAMS died on May 20, 2014 as a result of the aforementioned gunshots to his body.

6.      At the time JUWAN WILLIAMS was shot, JUSTIN COOK owned, carried, operated, controlled and shot the gun that discharged the fatal bullets that killed JUWAN WILLIAMS.

### COUNT I
### WRONGFUL DEATH ACT – NEGLIGENCE

7.      Plaintiff hereby incorporates and re-alleges paragraphs 1 through 6 above as though fully stated herein.

8.      The Wrongful Death Act, 740 ILCS 180/1, *et seq.*, states as follows:

> "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who … would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured.…"

9.      Defendant's decedent, JUSTIN COOK, owned, carried, operated, controlled and shot the gun that discharged the bullets that killed JUWAN WILLIAMS.

10.     Defendant's decedent, JUSTIN COOK, had a duty to act with reasonable care in the ownership, management and control of the gun in question so as not to cause injury to members of the public, including the Plaintiff's decedent.

11.     Defendant breached the aforementioned duty as follows:

    (a)     The Defendant's decedent intentionally pulled the gun on the Plaintiff's decedent who was unarmed;
    (b)     The Defendant's decedent intentionally shot and killed the Plaintiff's decedent who was unarmed;
    (c)     Was otherwise being negligent in the ownership, use, maintenance, and/or safekeeping of the gun in question.

2

12.   As a direct and proximate result of one or more or all of the foregoing negligent acts or omissions of Defendant's decedent, JUSTIN COOK, Plaintiff's decedent, JUWAN WILLIAMS, sustained a fatal gunshot wound, causing pecuniary injuries including but not limited to loss of society and loss of companionship to the survivors and next of kin of JUWAN WILLIAMS.

WHEREFORE, Plaintiff prays that this honorable court enter judgment in favor of Plaintiff, VANESSA CLYDE, as Special Administrator for the Estate of JUWAN WILLIAMS, and against Defendant, JUSTIN COOK, in an amount exceeding $50,000.00, plus costs, and grant any further or other relief deemed reasonable.

## COUNT II
## ASSAULT AND BATTERY

13.   Plaintiff hereby incorporates and re-alleges paragraphs 1 through 12 above as though fully stated herein.

14.   That on May 19, 2014, the Defendant's decedent, JUSTIN COOK, intentionally and wrongfully assaulted the Plaintiff's decedent and then and there beat, bruised, wounded, ill-treated, shot and killed the Plaintiff's decedent, JUWAN WILLIAMS, without cause or provocation on the part of the Plaintiff's decedent.

15.   As a direct and proximate result of one or more or all of the foregoing negligent acts or omissions of Defendant's decedent, JUSTIN COOK, Plaintiff's decedent, JUWAN WILLIAMS, sustained a fatal gunshot wound, causing pecuniary injuries including but not limited to loss of society and loss of companionship to the survivors and next of kin of JUWAN WILLIAMS.

WHEREFORE, Plaintiff prays that this honorable court enter judgment in favor of Plaintiff, VANESSA CLYDE, as Special Administrator for the Estate of JUWAN WILLIAMS,

3

and against Defendant, JUSTIN COOK, in an amount exceeding $50,000.00, plus costs, and grant any further or other relief deemed reasonable.

## COUNT III
## WILLFUL AND WANTON ASSAULT AND BATTERY

16.     Plaintiff hereby incorporates and re-alleges paragraphs 1 through 15 above as though fully stated herein.

17.     That on May 19, 2014, the Defendant's decedent, JUSTIN COOK, intentionally and wrongfully assaulted the Plaintiff's decedent and then and there beat, bruised, wounded, ill-treated, shot and killed the Plaintiff's decedent, JUWAN WILLIAMS, without cause or provocation on the part of the Plaintiff's decedent.

18.     That said assault and battery was willful, intentional and malicious.

19.     As a direct and proximate result of one or more or all of the foregoing negligent acts or omissions of Defendant's decedent, JUSTIN COOK, the Plaintiff's decedent, JUWAN WILLIAMS, sustained a fatal gunshot wound, causing pecuniary injuries including but not limited to loss of society and loss of companionship to the survivors and next of kin of JUWAN WILLIAMS.

WHEREFORE, Plaintiff prays that this honorable court enter judgment in favor of Plaintiff, VANESSA CLYDE, as Special Administrator for the Estate of JUWAN WILLIAMS, and against Defendant, JUSTIN COOK, in an amount exceeding $50,000.00, plus costs, and grant any further or other relief deemed reasonable.

## COUNT IV
## PRELIMINARY INJUNCTIVE RELIEF

20.     Plaintiff hereby incorporates and re-alleges paragraphs 1 through 19 above as though fully stated herein.

4

21.     That prior to September 20, 2014, the defendant's decedent, JUSTIN COOK, was apprehended by the Chicago Police Department.

22.     That on September 20, 2014, defendant's decedent, JUSTIN COOK, had an asthma attack while in the custody of the City of Chicago Police Department and died shortly thereafter.

23.     That the defendant, ESTATE OF JUSTIN COOK, filed a discovery lawsuit against the City of Chicago on October 10, 2014 and the case was given the case no. of 2014 L 10570. This case was dismissed by the Circuit Court of Cook County motion judge on October 16, 2014.

24.     After October 16, 2014, the attorneys for the defendant, ESTATE OF JUSTIN COOK, and representatives of the CITY OF CHICAGO entered into settlement negotiations for the wrongful death action yet to be filed.

25.     That after October 16, 2014, the CITY OF CHICAGO and the defendant, ESTATE OF JUSTIN COOK, entered into a settlement of the wrongful death claim in the amount of $1,500,000.00.

26.     The CITY OF CHICAGO requires that settlements of the amount involved here receive City Council approval. At the time of the filing of this lawsuit, the CITY OF CHICAGO council had not officially approved the settlement by voting motion of the CITY OF CHICAGO Department of Finance.

27.     That should the CITY OF CHICAGO approve the settlement and disburse the proceeds of the settlement to the defendant, ESTATE OF JUSTIN COOK, the plaintiff's decedent's claim would not be able to be paid and the homicide committed by JUSTIN COOK would avoid punishment and justice.

DEC-09-2015 17:22 From:WIRE DESK TO:CST 3123212148 P.6/8

28. That the plaintiff has standing to pursue injunctive relief in this matter. Without an order of this Court preventing the dissemination of the settlement proceeds the plaintiff's claim for wrongful death will not be able to be satisfied by any other source of income or proceeds.

29. That the Court should preserve the status quo until such time as the wrongful death claim/case of the Plaintiff is heard by the Court and a proper valuation of damages is set by a judge or jury.

30. That there is a likelihood that the plaintiff's claim/case will result in a judgment against the defendant ESTATE OF JUSTIN COOK in an amount of $1,000,000.00 or more.

31. That the plaintiff will suffer irreparable injury if the application for injunctive relief is not granted. Plaintiff will not have any other recourse of monetary recovery other than the proceeds from the CITY OF CHICAGO. The ESTATE OF JUSTIN COOK has indicated in its probate filing that the proceeds from the lawsuit against the CITY OF CHICAGO is the only asset of the estate.

WHEREFORE, Plaintiff prays that this honorable court enter an order for injunctive relief as against the defendant, CITY OF CHICAGO, granting an preliminary injunction preventing the CITY OF CHICAGO from disbursement of the settlement proceeds to the defendant, ESTATE OF JUSTIN COOK, and its attorneys, until such time as the claim/case of the plaintiff has been heard by judge or jury.

DEUTSCHMAN & ASSOCIATES, P.C.

Attorney for Plaintiff

Jeffrey S. Deutschman
**DEUTSCHMAN & ASSOCIATES, P.C.**
77 West Washington Street
Suite 1525
Chicago, IL 60602
(312) 419-1600
Atty No. 40171

7

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

VANESSA CLYDE, as Special Administrator )
of the Estate of JUWAN WILLIAMS, deceased, )
                                           )
                    Plaintiff,             )
                                           )
        vs.                                )        No:
                                           )
ESTATE OF JUSTIN COOK and                  )
CITY OF CHICAGO,                           )
                                           )
                    Defendants.            )

## 222 AFFIDAVIT

I, JEFFREY S. DEUTSCHMAN, attorney for the Plaintiff, VANESSA CLYDE,

hereby claim that the amount of damages sought in this claim exceeds $50,000.00.

Affiant further sayeth naught.

_____
Jeffrey S. Deutschman

**DEUTSCHMAN & ASSOCIATES, P.C.**
77 W. Washington
Suite 1525
Chicago, Illinois 60602
312/419-1600
Attorney No.: 40171