# EXHIBIT E

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

VANESSA CLYDE, as Special Administrator )
of the Estate of JUWAN WILLIAMS, )
deceased, )
       )
       Plaintiff, )
       )
          v. )   No. 15 CH 17829
       )
ESTATE OF JUSTIN COOK and )
CITY OF CHICAGO, )
       )
       Defendants. )

## RESPONSE TO DEFENDANT ESTATE OF JUSTIN COOK'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AT LAW AND FOR PRELIMINARY INJUNCTIVE RELIEF PURSUANT TO 735 ILCS 5/2-615

NOW COMES the plaintiff, **VANESSA CLYDE,** as Special Administrator of the Estate

of **JUWAN WILLIAMS,** deceased, by and through her attorneys, **DEUTSCHMAN &**

**ASSOCIATES, P.C.,** and for her Response to the Section 2-615 Motion to Dismiss filed by the

defendant, **ESTATE OF JUSTIN COOK,** states as follows:

### NATURE OF THE CASE AND ALLEGATIONS

This litigation stems from the death of plaintiff's decedent, Juwan Williams, who was

fatally shot by Justin Cook on May 19, 2014. Plaintiff has filed a four-count Complaint, alleging

that Williams and Cook got into an argument on May 19, 2014; that the argument led to an

altercation that resulted in Cook shooting his gun at Williams and that Williams died of his

injuries. Plaintiff alleges wrongful death claims against the Estate of Justin Cook based on

negligence (Count I), assault and battery (Count II) and willful and wanton conduct (Count III).

Plaintiff also alleges a claim for preliminary injunctive relief against the Estate of Justin

Cook and the City of Chicago in Count IV. Plaintiff alleges that Justin Cook was apprehended

1

and, while in police custody on September 20, 2014, had an asthma attack and died. Plaintiff alleges that the City of Chicago and the Estate of Justin Cook entered into a settlement of the Estate of Justin Cook's claims against the City in the amount of $1,500,000. Plaintiff alleges that, should the City of Chicago approve the settlement and disburse the proceeds of the settlement to the Estate of Justin Cook, plaintiff's wrongful death claim would not be able to be paid and the homicide committed by Justin Cook would avoid punishment and justice. Plaintiff alleges that, without the Court preventing the dissemination of the settlement proceeds, plaintiff's claim for wrongful death will not be able to be satisfied by any other sources of income or proceeds. Plaintiff alleges that the Court should preserve the status quo until such time as plaintiff's case is heard and a proper valuation of damages is set by a judge or jury and that there is a likelihood that plaintiff's case will result in a judgment against the Estate of Justin Cook in an amount of $1,000,000 or more. Plaintiff alleges that irreparable injury will result if injunctive relief is not granted because the proceeds from the City of Chicago is the only asset of Justin Cook's Estate and plaintiff will have no other recourse of monetary recover other than the City of Chicago proceeds. A copy of the Complaint is attached hereto as Exhibit A.

## LEGAL STANDARDS APPLYING TO DEFENDANT'S MOTION TO DISMISS

A circuit court should grant a section 2-615 motion to dismiss only if it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to relief. *Marshall v. Burger King Corp.,* 222 Ill.2d 422, 429 (2006). The critical inquiry is whether the allegations of the complaint, when construed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. *Vitro v. Mihelcic,* 209 Ill.2d 76, 81 (2004). The court accepts as true all well-pleaded facts and reasonable inferences that can be drawn from

those facts and interpret the allegations in the light most favorable to the plaintiff. *Anderson v. Vanden Dorpel,* 172 Ill.2d 399, 477 (1996).

### PLAINTIFF'S TORT CLAIMS ALLEGED IN COUNTS I THROUGH III ARE FACTUALLY SUFFICIENT UNDER ILLINOIS PLEADING STANDARDS

Defendant, Estate of Cook, moves to dismiss the tort claims alleged in Counts I through III on the ground that they are factually insufficient. (Motion, p. 3-4). The argument fails because plaintiff has alleged ultimate facts which are sufficient under Illinois fact-pleading standards.

Illinois is a fact-pleading State and, to be sufficient, a complaint must set forth facts, not merely conclusions. *People ex rel. Fahner v. Carriage Way West, Inc.*, 88 Ill.2d 300 (1981). However, the facts which must be pleaded are ultimate facts. Thus, under Illinois' fact-pleading standard, a plaintiff is not required to set out her evidence. Only the ultimate facts to be proved need be alleged, not the evidentiary facts tending to prove such ultimate facts. *Chandler v. Illinois Central Railroad Co.*, 207 Ill.2d 331, 348 (2003).

In *Kling v. Landry,* 292 Ill.App.3d 329, 337 (2nd Dist. 1997), the plaintiff brought an action for battery against the defendant, alleging that he met with the plaintiff at her home, removed her clothing, pushed her onto a rug in her kitchen, and initiated sexual intercourse and that the defendant's conduct was without permission and provocation. Stating that "a plaintiff is only obligated to plead those ultimate facts necessary to state a cause of action and to inform the defendant of the nature of the claim brought against him," the court found that the plaintiff's allegations stated sufficient ultimate facts to allege an action for battery. *Kling,* 292 Ill.App.3d at 339-40.

Plaintiff's allegations are factually sufficient under Illinois pleading standards. Plaintiff alleges the underlying factual basis of all three claims that Williams and Cook got into an

argument on May 19, 2014, that the argument led to an altercation that resulted in Cook shooting his gun at Williams and that Williams died of his injuries. In Count I, plaintiff alleges that Cook had a duty to act with reasonable care and that he was negligent in the ownership, use, maintenance and/or safekeeping of the gun. Allegations in paragraph 11 of Count I that Cook intentionally shot and killed Williams may be disregarded under the rule that, in determining if a cause of action is stated, the court may disregard unnecessary, irrelevant and inappropriate allegations as surplusage. *In re Lipchik's Estate,* 27 Ill.App.3d 331, 334 (1st Dist. 1975); *Rovekamp v. Central Construction Co.,* 45 Ill.App.3d 441, 444 (1st Dist. 1964). Count I sufficiently alleges a claim for negligence.

In Count II, plaintiff alleges that Cook intentionally and wrongfully assaulted Williams and then and there shot and killed Williams without cause or provocation. These allegations are factually sufficient to state a claim for assault and battery under *Kling.*

In Count III, alleges a claim for willful and wanton conduct based on acts that were committed intentionally. The claim is factually sufficient under IPI, Civil , No. 14.01, which defines willful and wanton conduct as "a course of action which shows actual or deliberate intention to harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others."

This Court should determine that plaintiff's tort claims are factually sufficient under Illinois pleading standards. The motion to dismiss Counts I through III should therefore be denied.

## THE CLAIM FOR INJUNCTIVE RELIEF IN COUNT IV SHOULD NOT BE DENIED

### A. Plaintiff will be entitled to proceeds of the Survival Act Claim.

Defendant moves to dismiss the claim for preliminary injunctive relief alleged in Count IV. Defendant argues that proceeds of a settlement distributed pursuant to the Illinois Wrongful Death Act are not subject to creditors of an estate and that plaintiff 's claim for preliminary relief "should be denied outright" because she will not be entitled to any potential proceeds from the settlement of the federal lawsuit. (Motion, p. 4-5). Defendant omits to inform the Court that the federal court lawsuit alleges a survival claim which is subject to the claims of creditors.

Plaintiff's original Complaint filed in the federal action did not seek any damages under the Wrongful Death Act, but only damages for Cook's injuries, pain and suffering that are recoverable under the Illinois Survival Act. A copy of the Complaint is attached hereto as Exhibit B. Plaintiff's current Amended Complaint pending in the federal court seeks recovery under the Illinois Survival Act, 735 ILCS 5/27-6, as well as the Wrongful Death Act, 180 ILCS 180/1 et seq. A copy of the Amended Complaint is attached hereto as Exhibit C.

"The purpose of the Wrongful Death Act is to compensate the surviving spouse and next of kin for the pecuniary losses sustained due to the decedent's death." *Simmons v. University of Chicago Hospital,* 162 Ill.2d 1 (1994) quoting *Elliott v. Willis,* 92 Ill.2d 530, 540 (1982). Pursuant to Section 2 of the Act, 740 ILCS 180/2, "the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, including damages for grief, sorrow, and mental suffering, to the surviving spouse and next of kin of such deceased person."

The Survival Act preserves causes of action on behalf of decedents that would otherwise be rendered moot upon the death of the decedent. *Rodgers v. Cook County,* 2013 IL App (1st)

5

123460, ¶ 29. In a Survival Act claim, damages for physical injury, pain and suffering experienced by the decedent prior to his death can be recovered. IPI (Civil) No. 31.10; *Clarke v. Medley Moving & Storage Inc.,* 381 Ill.App.3d 82, 92 (1st Dist. 2008). Recoveries for a decedent's injuries, pain and suffering under the Illinois Survival Act are clearly a part of the decedent's estate and are subject to creditor's claims.

In this case, defendant has not shown what, if any, part of the settlement proceeds is for pecuniary losses sustained by Cook's next of kin under the Wrongful Death Act. Plaintiff will be entitled to that part of the settlement proceeds attributable to the claim for Cook's injuries, pain and suffering under the Illinois Survival Act.

**B. Preliminary Injunctive Relief is Appropriate.**

Defendant argues, further, that plaintiff has not shown that preliminary injunctive relief is appropriate because (1) plaintiff has no clearly ascertainable right and (2) plaintiff has not demonstrated a likelihood of success on the merits. (Motion, p. 6-7).

The purpose of a preliminary injunction is to preserve the status quo pending determination on the merits of the case and to prevent serious harm. *Hartlein v. Illinois Power Co.,* 151 Ill.2d 142, 156 (1992). The four factors which must be established are: (1) a clear, ascertainable right in need of protection; (2) a likelihood of success on the merits; (3) that it will suffer irreparable harm if the injunction does not issue; and (4) no adequate remedy at law. At the preliminary injunction stage of the proceedings, the trial court does not decide controverted facts on the merits. *Hartlein,* 151 Ill.2d at 156.

In this case, plaintiff has alleged ultimate facts that show plaintiff's potential right to recover damages under theories of negligence, assault and battery and willful and wanton conduct. For purposes of defendant's Section 2-615 motion, the Court must deem plaintiff's

6

allegations true and draw all reasonable inferences in favor of plaintiff, including that plaintiff can establish a *prima facie* case that will entitle her to a judgment in her favor. Under this view of the facts, plaintiff has shown a clearly ascertainable right to assets of the Cook estate that requires protection and has demonstrated a likelihood of success on the merits.

Significantly, defendant does not contend that irreparable harm will not result if the injunction does not issue nor that plaintiff has an adequate remedy at law. Clearly, serious harm will result if the only asset of the estate is distributed to the heirs and/or next of kin of Justin Cook. The status quo should be preserved and defendant's motion to dismiss Count IV should therefore be denied.

**WHEREFORE**, the plaintiff, **VANESSA CLYDE**, as Special Administrator of the Estate of **JUWAN WILLIAMS**, deceased**,** request that this Honorable Court deny the Motion to Dismiss filed by the defendant, **ESTATE OF JUSTIN COOK.**

Respectfully submitted,

By: _____
    Attorney for Plaintiff

Jeffrey S. Deutschman
**DEUTSCHMAN & ASSOCIATES P.C.**
77 W. Washington Street, Suite 1525
Chicago, Illinois 60602
(312) 419-1600
Atty No. 40171

7

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

VANESSA CLYDE, as Special Administrator   )
of the Estate of JUWAN WILLIAMS, deceased, )
                                    )
              Plaintiff,       )
                                      )
  vs.                        )   No:   2015CH17829
                                      )          CALENDAR/ROOM 02
ESTATE OF JUSTIN COOK and         )          TIME 00:00
CITY OF CHICAGO,              )          Injunction
                                      )
             Defendants.    )

## COMPLAINT AT LAW AND FOR INJUNCTIVE RELIEF

NOW COMES the Plaintiff, VANESSA CLYDE, as Special Administrator for the Estate of JUWAN WILLIAMS, deceased, by and through her attorneys, **DEUTSCHMAN & ASSOCIATES, P.C.**, and complains of the Defendant, JUSTIN COOK, and states as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1.    Plaintiff's decedent, JUWAN WILLIAMS, was an individual who resided in the City of Chicago, County of Cook, and State of Illinois, until his death on May 20, 2014, at the age of 18.

2.    JUSTIN COOK resided in the City of Chicago, County of Cook, and State of Illinois at the time of JUWAN WILLIAMS's death.

3.    JUSTIN COOK and JUWAN WILLIAMS knew each other prior to JUWAN WILLIAMS' death.

4.    That on May 19, 2014, the Defendant's decedent, JUSTIN COOK and the Plaintiff's decedent, JUWAN WILLIAMS, got into an argument that led to an altercation that resulted in JUSTIN COOK shooting his gun at the plaintiff's decedent.



5.     JUWAN WILLIAMS died on May 20, 2014 as a result of the aforementioned gunshots to his body.

6.     At the time JUWAN WILLIAMS was shot, JUSTIN COOK owned, carried, operated, controlled and shot the gun that discharged the fatal bullets that killed JUWAN WILLIAMS.

<div align="center">

**COUNT I**
**WRONGFUL DEATH ACT – NEGLIGENCE**

</div>

7.     Plaintiff hereby incorporates and re-alleges paragraphs 1 through 6 above as though fully stated herein.

8.     The Wrongful Death Act, 740 ILCS 180/1, *et seq.*, states as follows:

> "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who … would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured…."

9.     Defendant's decedent, JUSTIN COOK, owned, carried, operated, controlled and shot the gun that discharged the bullets that killed JUWAN WILLIAMS.

10.     Defendant's decedent, JUSTIN COOK, had a duty to act with reasonable care in the ownership, management and control of the gun in question so as not to cause injury to members of the public, including the Plaintiff's decedent.

11.     Defendant breached the aforementioned duty as follows:

    (a)     The Defendant's decedent intentionally pulled the gun on the Plaintiff's decedent who was unarmed;

    (b)     The Defendant's decedent intentionally shot and killed the Plaintiff's decedent who was unarmed;

    (c)     Was otherwise being negligent in the ownership, use, maintenance, and/or safekeeping of the gun in question.

12.     As a direct and proximate result of one or more or all of the foregoing negligent acts or omissions of Defendant's decedent, JUSTIN COOK, Plaintiff's decedent, JUWAN WILLIAMS, sustained a fatal gunshot wound, causing pecuniary injuries including but not limited to loss of society and loss of companionship to the survivors and next of kin of JUWAN WILLIAMS.

WHEREFORE, Plaintiff prays that this honorable court enter judgment in favor of Plaintiff, VANESSA CLYDE, as Special Administrator for the Estate of JUWAN WILLIAMS, and against Defendant, JUSTIN COOK, in an amount exceeding $50,000.00, plus costs, and grant any further or other relief deemed reasonable.

<div align="center">

**COUNT II**
**ASSAULT AND BATTERY**

</div>

13.     Plaintiff hereby incorporates and re-alleges paragraphs 1 through 12 above as though fully stated herein.

14.     That on May 19, 2014, the Defendant's decedent, JUSTIN COOK, intentionally and wrongfully assaulted the Plaintiff's decedent and then and there beat, bruised, wounded, ill-treated, shot and killed the Plaintiff's decedent, JUWAN WILLIAMS, without cause or provocation on the part of the Plaintiff's decedent.

15.     As a direct and proximate result of one or more or all of the foregoing negligent acts or omissions of Defendant's decedent, JUSTIN COOK, Plaintiff's decedent, JUWAN WILLIAMS, sustained a fatal gunshot wound, causing pecuniary injuries including but not limited to loss of society and loss of companionship to the survivors and next of kin of JUWAN WILLIAMS.

WHEREFORE, Plaintiff prays that this honorable court enter judgment in favor of Plaintiff, VANESSA CLYDE, as Special Administrator for the Estate of JUWAN WILLIAMS,

and against Defendant, JUSTIN COOK, in an amount exceeding $50,000.00, plus costs, and grant any further or other relief deemed reasonable.

**COUNT III**
**WILLFUL AND WANTON ASSAULT AND BATTERY**

16. Plaintiff hereby incorporates and re-alleges paragraphs 1 through 15 above as though fully stated herein.

17. That on May 19, 2014, the Defendant's decedent, JUSTIN COOK, intentionally and wrongfully assaulted the Plaintiff's decedent and then and there beat, bruised, wounded, ill-treated, shot and killed the Plaintiff's decedent, JUWAN WILLIAMS, without cause or provocation on the part of the Plaintiff's decedent.

18. That said assault and battery was willful, intentional and malicious.

19. As a direct and proximate result of one or more or all of the foregoing negligent acts or omissions of Defendant's decedent, JUSTIN COOK, the Plaintiff's decedent, JUWAN WILLIAMS, sustained a fatal gunshot wound, causing pecuniary injuries including but not limited to loss of society and loss of companionship to the survivors and next of kin of JUWAN WILLIAMS.

WHEREFORE, Plaintiff prays that this honorable court enter judgment in favor of Plaintiff, VANESSA CLYDE, as Special Administrator for the Estate of JUWAN WILLIAMS, and against Defendant, JUSTIN COOK, in an amount exceeding $50,000.00, plus costs, and grant any further or other relief deemed reasonable.

**COUNT IV**
**PRELIMINARY INJUNCTIVE RELIEF**

20. Plaintiff hereby incorporates and re-alleges paragraphs 1 through 19 above as though fully stated herein.

21.     That prior to September 20, 2014, the defendant's decedent, JUSTIN COOK, was apprehended by the Chicago Police Department.

22.     That on September 20, 2014, defendant's decedent, JUSTIN COOK, had an asthma attack while in the custody of the City of Chicago Police Department and died shortly thereafter.

23.     That the defendant, ESTATE OF JUSTIN COOK, filed a discovery lawsuit against the City of Chicago on October 10, 2014 and the case was given the case no. of 2014 L 10570. This case was dismissed by the Circuit Court of Cook County motion judge on October 16, 2014.

24.     After October 16, 2014, the attorneys for the defendant, ESTATE OF JUSTIN COOK, and representatives of the CITY OF CHICAGO entered into settlement negotiations for the wrongful death action yet to be filed.

25.     That after October 16, 2014, the CITY OF CHICAGO and the defendant, ESTATE OF JUSTIN COOK, entered into a settlement of the wrongful death claim in the amount of $1,500,000.00.

26.     The CITY OF CHICAGO requires that settlements of the amount involved here receive City Council approval. At the time of the filing of this lawsuit, the CITY OF CHICAGO council had not officially approved the settlement by voting motion of the CITY OF CHICAGO Department of Finance.

27.     That should the CITY OF CHICAGO approve the settlement and disburse the proceeds of the settlement to the defendant, ESTATE OF JUSTIN COOK, the plaintiff's decedent's claim would not be able to be paid and the homicide committed by JUSTIN COOK would avoid punishment and justice.

5

28.    That the plaintiff has standing to pursue injunctive relief in this matter. Without an order of this Court preventing the dissemination of the settlement proceeds the plaintiff's claim for wrongful death will not be able to be satisfied by any other source of income or proceeds.

29.    That the Court should preserve the status quo until such time as the wrongful death claim/case of the Plaintiff is heard by the Court and a proper valuation of damages is set by a judge or jury.

30.    That there is a likelihood that the plaintiff's claim/case will result in a judgment against the defendant ESTATE OF JUSTIN COOK in an amount of $1,000,000.00 or more.

31.    That the plaintiff will suffer irreparable injury if the application for injunctive relief is not granted. Plaintiff will not have any other recourse of monetary recovery other than the proceeds from the CITY OF CHICAGO. The ESTATE OF JUSTIN COOK has indicated in its probate filing that the proceeds from the lawsuit against the CITY OF CHICAGO is the only asset of the estate.

WHEREFORE, Plaintiff prays that this honorable court enter an order for injunctive relief as against the defendant, CITY OF CHICAGO, granting an preliminary injunction preventing the CITY OF CHICAGO from disbursement of the settlement proceeds to the defendant, ESTATE OF JUSTIN COOK, and its attorneys, until such time as the claim/case of the plaintiff has been heard by judge or jury.

DEUTSCHMAN & ASSOCIATES, P.C.

Attorney for Plaintiff

Jeffrey S. Deutschman
**DEUTSCHMAN & ASSOCIATES, P.C.**
77 West Washington Street
Suite 1525
Chicago, IL 60602
(312) 419-1600
Atty No. 40171

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| VANESSA CLYDE, as Special Administrator of the Estate of JUWAN WILLIAMS, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No: |
| ESTATE OF JUSTIN COOK and CITY OF CHICAGO, | ) ) ) | |
| Defendants. | ) | |

<u>**222 AFFIDAVIT**</u>

I, JEFFREY S. DEUTSCHMAN, attorney for the Plaintiff, VANESSA CLYDE,

hereby claim that the amount of damages sought in this claim exceeds $50,000.00.

Affiant further sayeth naught.

Jeffrey S. Deutschman

**DEUTSCHMAN & ASSOCIATES, P.C.**
77 W. Washington
Suite1525
Chicago, Illinois 60602
312/419-1600
Attorney No.: 40171

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUSTIN COOK, deceased, by and through Anthony M. Petrone, as Administrator of the Estate of Justin Cook, | ) ) ) ) No. |
| Plaintiff, | ) JUDGE ) |
| vs. | ) ) |
| CITY OF CHICAGO, a Municipal corporation; CHICAGO POLICE SERGEANT JEFF TRUHLAR, and UNKNOWN CHICAGO POLICE OFFICERS, individually and as employee/Agents of the CITY OF CHICAGO, a Municipal corporation, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT AT LAW

Now comes the Plaintiff, JUSTIN COOK, deceased, by and through Anthony M. Petrone, as Administrator of the Estate of Justin Cook, by and through his attorneys, LAW OFFICE OF JEFFREY J. NESLUND; MICHAEL D. ROBBINS & ASSOCIATES and LAW OFFICE OF ROBERT ROBERTSON, and for his Complaint at Law states as follows:

## INTRODUCTION

1. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C. sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. Plaintiff, JUSTIN COOK, deceased, was an individual who, at all times relevant hereto, was living in the Northern District of Illinois.

1

EXHIBIT
B

4.      Defendants, CHICAGO POLICE SERGEANT JEFF TRUHLAR and
UNKNOWN CHICAGO POLICE OFFICERS, were at all times material hereto, duly appointed
Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law
enforcement officials.

### FACTUAL SUMMARY

5.      On September 20, 2014, Plaintiff was driving a vehicle that was pulled over by
Defendants, UNKNOWN CHICAGO POLICE OFFICERS, at or near 3916 W. Polk Street,
Chicago, Illinois.

6.      Plaintiff was stopped, detained and arrested on September 20, 2014.

7.      Plaintiff, who suffered from severe asthma, began to suffer an asthmatic attack
while handcuffed.

8.      Plaintiff told the Defendants, CHICAGO POLICE SERGEANT JEFF TRUHLAR
and UNKNOWN CHICAGO POLICE OFFICERS, that he could not breathe and that he needed
immediate medical attention.  It was also readily apparent to the DEFENDANT OFFICERS in
observing the Plaintiff, that the Plaintiff was having great difficulty in breathing and needed
immediate medical attention.

9.      Defendants, CHICAGO POLICE SERGEANT JEFF TRUHLAR and
UNKNOWN CHICAGO POLICE OFFICERS, failed to provide the Plaintiff with medical
attention, despite the fact that the Plaintiff could not breath and was losing consciousness.

10.     As a result of Defendants', CHICAGO POLICE SERGEANT JEFF TRUHLAR
and UNKNOWN CHICAGO POLICE OFFICERS, failure to provide the Plaintiff with prompt
and appropriate medical attention, Plaintiff died on September 20, 2014.

Case: 1:14-cv-07997 Document #: 1 Filed: 10/14/14 Page 3 of 6 PageID #:3

## COUNT I
### (42 U.S.C. § 1983: False Arrest/Unlawful Detention)

11.     Plaintiff re-alleges and incorporates paragraphs 1-10 as fully stated herein.

12.     As described above, DEFENDANT OFFICERS, falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

13.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the Plaintiff.

14.     As a result of the above-described wrongful infringement of Plaintiff's Forth Amendment rights, Plaintiff suffered mental distress and anguish before he died.

## COUNT II
### (42 U.S.C. § 1983: Deliberate Indifference to Serious Medical Condition)

15.     Plaintiff re-alleges and incorporates paragraphs 1-10 above as fully stated herein.

16.     After Plaintiff was detained and handcuffed by Defendants, UNKNOWN CHICAGO POLICE OFFICERS, DEFENDANTS, knew the Plaintiff had a serious medical condition and that Plaintiff was in need of urgent medical assistance.

17.     The Defendants, CHICAGO POLICE SERGEANT JEFF TRUHLAR and UNKNOWN CHICAGO POLICE OFFICERS, were deliberately indifferent to the Plaintiff's serious medical need and failed to timely call for or otherwise provide him medical assistance.

18.     The deliberate indifference of Defendants', CHICAGO POLICE SERGEANT JEFF TRUHLAR and UNKNOWN CHICAGO POLICE OFFICERS, caused physical harm to the Plaintiff, including physical pain and suffering which resulted in Plaintiff's death.

19.     The misconduct described in this Count constituted deliberate indifference of Plaintiff's serious medical condition and was a violation of Plaintiff's Eighth Amendment Right.

3

## COUNT III
### (Intentional Infliction of Severe Emotional Distress)

20.     Plaintiff re-alleges paragraphs 2 through 10 of Plaintiff's complaint, as if fully set forth at this point.

21.     DEFENDANTS failed to secure prompt medical care for Plaintiff while he was suffering from a severe asthma attack and gasping for breath while he was detained and in their custody.

22.     The failure to call for or otherwise secure prompt medical attention for the Plaintiff's serious medical condition was willful and wanton and caused Plaintiff extreme and prolonged suffering.

23     The DEFENDANTS are employees and/or agents of the City of Chicago, and the wrongful conduct herein described was committed by each of them within the scope of their respective employment duties, as employees and/or agents of the City of Chicago.  By virtue of the fact that the Defendants' conduct was willful and wanton and was committed within the scope of their employment, DEFENDANT CITY OF CHICAGO is liable under the doctrine of *Respondeat Superior*.

24.     The failure of the DEFENDANTS to call for or otherwise secure prompt medical care to Plaintiff caused the Plaintiff severe pain and anxiety and proximately caused Plaintiff's death.

25.     The acts and conduct of DEFENDANTS as set forth above were extreme and outrageous.  DEFENDANTS intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff.

4

## REQUEST FOR RELIEF

26.     Plaintiff, JUSTIN COOK, deceased, by and through Anthony M. Petrone, as

Administrator of the Estate of Justin Cook, respectfully requests that the Court:

    a.      Enter judgment in his favor and against Defendants, CHICAGO POLICE
SERGEANT JEFF TRUHLAR and UNKNOWN CHICAGO POLICE OFFICERS;

    b.      Award compensatory damages against Defendants, CHICAGO POLICE
SERGEANT JEFF TRUHLAR and UNKNOWN CHICAGO POLICE OFFICERS;

    c.      Award attorneys' fees against Defendants, CHICAGO POLICE
SERGEANT JEFF TRUHLAR and UNKNOWN CHICAGO POLICE OFFICERS;

    d.      Award punitive damages against Defendants, CHICAGO POLICE
SERGEANT JEFF TRUHLAR and UNKNOWN CHICAGO POLICE OFFICERS; and

    e.      Grant such other relief this Court deems just and appropriate.

## JURY DEMAND

    Plaintiff, JUSTIN COOK, deceased, by and through Anthony M. Petrone, as

Administrator of the Estate of Justin Cook, demands a trial by jury under the Federal Rule of

Civil Procedure 38(b) on all issues so triable.

                        Respectfully submitted,

                        /s/ Jeffrey J. Neslund
                        Jeffrey J. Neslund,
                        One of the Attorneys for Plaintiff


JEFFREY J. NESLUND
LAW OFFICES OF JEFFREY J. NESLUND
20 N. Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 223-1100

MICHAEL D. ROBBINS
MICHAEL D. ROBBINS & ASSOCIATES
20 N. Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 899-8000

ROBERT ROBERTSON
LAW OFFICES OF ROBERT ROBERTSON
20 N. Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 223-8600

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUSTIN COOK, deceased, by and through Anthony M. Petrone, as Administrator of the Estate of Justin Cook, | ) ) ) |
| | ) No.   14 CV 7997 |
| Plaintiff, | ) ) JUDGE JOHN J. THARP, JR. |
| | ) |
| vs. | ) MAGISTRATE SUSAN COX |
| | ) |
| CITY OF CHICAGO, a Municipal corporation; CHICAGO POLICE SERGEANT  JEFF TRUHLAR, Star # 2128, CHICAGO POLICE OFFICERS TIMOTHY WHITMER, Star #14962, and LEONARD JAGLA III, Star #19415, individually and as employee/Agents of the CITY OF CHICAGO, a Municipal corporation, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## FIRST AMENDED COMPLAINT AT LAW

Now comes the Plaintiff, JUSTIN COOK, deceased, by and through Anthony M. Petrone, as Administrator of the Estate of Justin Cook, by and through his attorneys, LAW OFFICE OF JEFFREY J. NESLUND; MICHAEL D. ROBBINS & ASSOCIATES and LAW OFFICE OF ROBERT ROBERTSON, and for his Complaint at Law states as follows:

## INTRODUCTION

1.      This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of plaintiff's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2.      Venue in this district is proper pursuant to 28 U.S.C. sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.



1

3.      Plaintiff, JUSTIN COOK, deceased, was an individual who, at all times relevant hereto, was living in the Northern District of Illinois.

4.      Defendants, CHICAGO POLICE SERGEANT JEFF TRUHLAR, Star #2128; CHICAGO POLICE OFFICER TIMOTHY WHITMER, Star #14962 and CHICAGO POLICE OFFICER LEONARD JAGLA III, Star #19415, were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

## FACTUAL SUMMARY

5.      On September 20, 2014, Plaintiff was driving a vehicle that was pulled over by DEFENDANT CHICAGO POLICE OFFICERS WHITMER and JAGLA, at or near 3916 W. Polk Street, Chicago, Illinois.

6.      Plaintiff was stopped, detained and arrested by Defendants, CHICAGO POLICE OFFICERS WHITMER and JAGLA, on September 20, 2014.

7.      Plaintiff, who suffered from severe asthma, began to suffer an asthmatic attack while in Defendants, CHICAGO POLICE OFFICERS WHITMER and JAGLA'S custody.

8.      Rather than call for an ambulance or drive Plaintiff directly to a hospital, Defendants, CHICAGO POLICE OFFICERS WHITMER and JAGLA, called for Defendant, CHICAGO POLICE SERGEANT JEFF TRUHLAR.

9.      Plaintiff told the Defendants, CHICAGO POLICE SERGEANT JEFF TRUHLAR and CHICAGO POLICE OFFICERS WHITMER and JAGLA that he could not breathe and that he needed immediate medical attention. It was also readily apparent to the DEFENDANT OFFICERS in observing the Plaintiff, that the Plaintiff was having great difficulty in breathing and needed immediate medical attention.

2

10.     Defendants, CHICAGO POLICE SERGEANT JEFF TRUHLAR and CHICAGO POLICE OFFICERS WHITMER and JAGLA, failed to provide the Plaintiff with medical attention, despite the fact that the Plaintiff could not breathe and was losing consciousness.

11.     As a result of Defendants', CHICAGO POLICE SERGEANT JEFF TRUHLAR and CHICAGO POLICE OFFICERS WHITMER and JAGLA, failure to provide the Plaintiff with prompt and appropriate medical attention, Plaintiff died on September 20, 2014.

## COUNT I
### (42 U.S.C. § 1983: False Arrest/Unlawful Detention)

12.     Plaintiff re-alleges and incorporates paragraphs 1-11 as fully stated herein.

13.     As described above, DEFENDANT OFFICERS, falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

14.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, and specifically, the rights of the Plaintiff.

15.     As a result of the above-described wrongful infringement of Plaintiff's Forth Amendment rights, Plaintiff suffered mental distress and anguish before he died.

## COUNT II
### (42 U.S.C. § 1983: Deliberate Indifference to Serious Medical Condition)

16.     Plaintiff re-alleges and incorporates paragraphs 1-11 above as fully stated herein.

17.     After Plaintiff was detained and handcuffed by Defendants, CHICAGO POLICE OFFICERS WHITMER and JAGLA, Defendants knew the Plaintiff had a serious medical condition and that Plaintiff was in need of urgent medical assistance.

18.     The Defendants, CHICAGO POLICE SERGEANT JEFF TRUHLAR and CHICAGO POLICE OFFICERS WHITMER and JAGLA, were deliberately indifferent to the

Plaintiff's serious medical need and failed to timely call for or otherwise provide him medical assistance.

19.    The deliberate indifference of Defendants', CHICAGO POLICE SERGEANT JEFF TRUHLAR and CHICAGO POLICE OFFICERS WHITMER and JAGLA, caused physical harm to the Plaintiff, including physical pain and suffering which resulted in Plaintiff's death.

20.    The misconduct described in this Count constituted deliberate indifference of Plaintiff's serious medical condition and was a violation of Plaintiff's Eighth Amendment Right.

<div align="center">

**COUNT III**
**(Intentional Infliction of Severe Emotional Distress)**

</div>

21.    Plaintiff re-alleges paragraphs 1 through 11 of Plaintiff's complaint, as if fully set forth at this point.

22.    DEFENDANTS failed to secure prompt medical care for Plaintiff while he was suffering from a severe asthma attack and gasping for breath while he was detained and in their custody.

23.    The failure to call for or otherwise secure prompt medical attention for the Plaintiff's serious medical condition was willful and wanton and caused Plaintiff extreme and prolonged suffering.

24.    The DEFENDANTS are employees and/or agents of the City of Chicago, and the wrongful conduct herein described was committed by each of them within the scope of their respective employment duties, as employees and/or agents of the City of Chicago. By virtue of the fact that the Defendants' conduct was willful and wanton and was committed within the

scope of their employment, DEFENDANT CITY OF CHICAGO is liable under the doctrine of

*Respondeat Superior.*

25.     The failure of the DEFENDANTS to call for or otherwise secure prompt medical

care to Plaintiff caused the Plaintiff severe pain and anxiety and proximately caused Plaintiff's

death.

26.     The acts and conduct of DEFENDANTS as set forth above were extreme and

outrageous.  DEFENDANTS intended to cause, or were in reckless disregard of the probability

that their conduct would cause, severe emotional distress to Plaintiff.

### COUNT IV
### (740 ILCS 180:  Wrongful Death)

27.     Plaintiff re-alleges paragraphs 1-11 of Plaintiff's complaint as if fully set forth at

this point.

28.     In September 2014, and for sometime prior thereto, there was in full force and

effect in the State of Illinois a certain Act, commonly known as the Wrongful Death Act, 740

ILCS 180.

29.     That Justin Cook, deceased, left surviving, the following minor descendants:

Justin Cook, Jr. (DOB: 09/08/2011); Amiyah Cook (DOB: 01/07/2014); and Justice Cook (DOB:

07/18/2014) who as a consequence of said careless and negligent acts and/or omissions of the

defendants, suffered pecuniary injuries including but not limited to, society, companionship,

felicity, guidance, attention, advice, training, instruction and any and all other elements of loss of

consortium.

30.     Anthony M. Petrone has been appointed Administrator of the Estate of Justin

Cook, deceased, for the purpose of prosecuting this action.

WHEREFORE, the Plaintiff, Justin Cook, deceased by and through Anthony M. Petrone, the Administrator of the Estate of Justin Cook, demands judgment against the DEFENDANTS in a dollar amount sufficient to compensate the Plaintiff for his loss, together with the costs of this suit.

## COUNT V
### (735 ILCS 5/27-6: Survival Action)

31.     Plaintiff re-alleges paragraphs 1-11 of Plaintiff's complaint as if fully set forth at this point.

32.     Justin Cook sustained conscious pain and suffering prior to his death as the direct and proximate result of one or more of the Defendants' willful and wanton conduct in refusing the Plaintiff critical medical care despite their knowledge of Plaintiff's serious medical condition and obvious need for immediate medical treatment. Justin Cook would have been entitled to receive compensation from the Defendants, had he survived.

33.     Anthony M. Petrone, as Administrator of the Estate of Justin Cook, brings this action pursuant to the Illinois Survival Statute, 735 ILCS 5/27-6.

WHEREFORE, Plaintiff demands judgment against the Defendants in a dollar amount sufficient to compensate the Plaintiff for his loss, together with the costs of this suit.

## REQUEST FOR RELIEF

33.     Plaintiff, JUSTIN COOK, deceased, by and through Anthony M. Petrone, as Administrator of the Estate of Justin Cook, respectfully requests that the Court:

   a.     Enter judgment in his favor and against Defendants, CHICAGO POLICE SERGEANT JEFF TRUHLAR; CHICAGO POLICE OFFICER WHITMER and CHICAGO POLICE OFFICER JAGLA;

   b.     Award compensatory damages against Defendants, CHICAGO POLICE SERGEANT JEFF TRUHLAR; CHICAGO POLICE OFFICER WHITMER and CHICAGO POLICE OFFICER JAGLA;

c.    Award attorneys' fees against Defendants, CHICAGO POLICE SERGEANT JEFF TRUHLAR; CHICAGO POLICE OFFICER WHITMER and CHICAGO POLICE OFFICER JAGLA;

d.    Award punitive damages against Defendants, CHICAGO POLICE SERGEANT JEFF TRUHLAR; CHICAGO POLICE OFFICER WHITMER and CHICAGO POLICE OFFICER JAGLA; and

e.    Grant such other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff, JUSTIN COOK, deceased, by and through Anthony M. Petrone, as Administrator of the Estate of Justin Cook, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ Jeffrey J. Neslund
Jeffrey J. Neslund,
One of the Attorneys for Plaintiff

JEFFREY J. NESLUND
LAW OFFICES OF JEFFREY J. NESLUND
20 N. Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 223-1100

MICHAEL D. ROBBINS
MICHAEL D. ROBBINS & ASSOCIATES
20 N. Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 899-8000

ROBERT ROBERTSON
LAW OFFICES OF ROBERT ROBERTSON
20 N. Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 223-8600