# EXHIBIT F

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

VANESSA CLYDE, as Special Administrator )
of the Estate of JUWAN WILLIAMS, )
deceased, )
     )
      Plaintiff, )
     )
          v. ) No. 15 CH 17829
     )
ESTATE OF JUSTIN COOK and )
CITY OF CHICAGO, )
     )
      Defendants. )

**RESPONSE TO DEFENDANT CITY OF CHICAGO'S AMENDED MOTION TO
DISMISS PLAINTIFF'S CLAIM FOR PRELIMINARY INJUNCTIVE RELIEF
PURSUANT TO 735 ILCS 5/2-615**

      NOW COMES the plaintiff, **VANESSA CLYDE,** as Special Administrator of the Estate

of **JUWAN WILLIAMS,** deceased, by and through her attorneys, **DEUTSCHMAN &**

**ASSOCIATES, P.C.,** and for her Response to the Section 2-615 Motion to Dismiss her claim

for preliminary injunctive relief filed by the defendant, **CITY OF CHICAGO,** states as follows:

**NATURE OF THE CASE AND ALLEGATIONS**

      This litigation stems from the death of plaintiff's decedent, Juwan Williams, who was

fatally shot by Justin Cook on May 19, 2014. Plaintiff has filed a four-count Complaint, alleging

that Williams and Cook got into an argument on May 19, 2014, that the argument led to an

altercation that resulted in Cook shooting his gun at Williams and that Williams died of his

injuries. Plaintiff alleges wrongful death claims against the Estate of Justin Cook based on

negligence (Count I), assault and battery (Count II) and willful and wanton conduct (Count III).

      Plaintiff also alleges a claim for preliminary injunctive relief against the Estate of Justin

Cook and the City of Chicago in Count IV. Plaintiff alleges that Justin Cook was apprehended

1

and, while in police custody on September 20, 2014, had an asthma attack and died. Plaintiff alleges that the City of Chicago and the Estate of Justin Cook entered into a settlement of the Estate of Justin Cook's claims against the City in the amount of $1,500,000. Plaintiff alleges that, should the City of Chicago approve the settlement and disburse the proceeds of the settlement to the Estate of Justin Cook, plaintiff's wrongful death claim would not be able to be paid and the homicide committed by Justin Cook would avoid punishment and justice. Plaintiff alleges that, without the Court preventing the dissemination of the settlement proceeds, plaintiff's claim for wrongful death will not be able to be satisfied by any other sources of income or proceeds. Plaintiff alleges that the Court should preserve the status quo until such time as plaintiff's case is heard and a proper valuation of damages is set by a judge or jury and that there is a likelihood that plaintiff's case will result in a judgment against the Estate of Justin Cook in an amount of $1,000,000 or more. Plaintiff alleges that irreparable injury will result if injunctive relief is not granted because the proceeds from the City of Chicago is the only asset of Justin Cook's estate and plaintiff will have no other recourse of monetary recover other than the City of Chicago proceeds. A copy of the Complaint is attached hereto as Exhibit A.

## LEGAL STANDARDS APPLYING TO DEFENDANT'S MOTION TO DISMISS

A circuit court should grant a section 2-615 motion to dismiss only if it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to relief. *Marshall v. Burger King Corp.,* 222 Ill.2d 422, 429 (2006). The critical inquiry is whether the allegations of the complaint, when construed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. *Vitro v. Mihelcic*, 209 Ill.2d 76, 81 (2004). The court accepts as true all well-pleaded facts and reasonable inferences that can be drawn from

those facts and interpret the allegations in the light most favorable to the plaintiff. *Anderson v. Vanden Dorpel,* 172 Ill.2d 399, 477 (1996).

## THE CLAIM FOR INJUNCTIVE RELIEF IN COUNT IV SHOULD NOT BE DENIED

Defendant, City of Chicago, argues that plaintiff has not shown that preliminary injunctive relief is appropriate because (1) plaintiff has no clearly ascertainable right, (2) plaintiff has not demonstrated a likelihood of success on the merits and (3) plaintiff has another adequate remedy at law.  (Motion, p. 3-5).

The purpose of a preliminary injunction is to preserve the status quo pending determination on the merits of the case and to prevent serious harm. *Hartlein v. Illinois Power Co.,* 151 Ill.2d 142, 156 (1992). The four factors which must be established are: (1) a clear, ascertainable right in need of protection; (2) a likelihood of success on the merits; (3) that the plaintiff will suffer irreparable harm if the injunction does not issue; and (4) no adequate remedy at law. At the preliminary injunction stage of the proceedings, the trial court does not decide controverted facts on the merits.  *Hartlein,* 151 Ill.2d at 156. Defendant's motion should be denied because all four factors are shown.

### A. The Facts Alleged Show a Clear, Ascertainable Right to Compensation And a Likelihood of Success on the Merits.

Illinois is a fact-pleading State and, to be sufficient, a complaint must set forth facts, not merely conclusions. *People ex rel. Fahner v. Carriage Way West, Inc.*, 88 Ill.2d 300 (1981). However, the facts which must be pleaded are ultimate facts. Thus, under Illinois' fact-pleading standard, a plaintiff is not required to set out her evidence. Under Illinois' fact-pleading standard, only the ultimate facts to be proved need be alleged, not the evidentiary facts tending to prove such ultimate facts. *Chandler v. Illinois Central Railroad Co.*, 207 Ill.2d 331, 348 (2003).

In *Kling v. Landry,* 292 Ill.App.3d 329, 337 (2nd Dist. 1997), the plaintiff brought an action for battery against the defendant, alleging that he met with the plaintiff at her home, removed her clothing, pushed her onto a rug in her kitchen, and initiated sexual intercourse and that the defendant's conduct was without permission and provocation. Stating that "a plaintiff is only obligated to plead those ultimate facts necessary to state a cause of action and to inform the defendant of the nature of the claim brought against him," the court found that the plaintiff's allegations stated sufficient ultimate facts to allege an action for battery. *Kling,* 292 Ill.App.3d at 339-40.

In this case, plaintiff has alleged ultimate facts that show plaintiff's right to recover damages under theories of negligence, assault and battery and willful and wanton conduct. Plaintiff alleges the underlying factual basis of all three claims that Williams and Cook got into an argument on May 19, 2014, that the argument led to an altercation that resulted in Cook shooting his gun at Williams and that Williams died of his injuries. In Count I, plaintiff alleges that Cook had a duty to act with reasonable care and that he was negligent in the ownership, use, maintenance and/or safekeeping of the gun. Allegations in paragraph 11 of Count I that Cook intentionally shot and killed Williams may be disregarded under the rule that, in determining if a cause of action is stated, the court may disregard unnecessary, irrelevant and inappropriate allegations as surplusage. *In re Lipchik's Estate,* 27 Ill.App.3d 331, 334 (1st Dist. 1975); *Rovekamp v. Central Construction Co.,* 45 Ill.App.3d 441, 444 (1st Dist. 1964).

In Count II, plaintiff alleges that Cook intentionally and wrongfully assaulted Williams and then and there shot and killed Williams without cause or provocation. These allegations are factually sufficient to state a claim for assault and battery under *Kling.*

In Count III, alleges a claim for willful and wanton conduct based on acts that were committed intentionally. The claim is factually sufficient under IPI, Civil , No. 14.01, which defines willful and wanton conduct as "a course of action which shows actual or deliberate intention to harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others."

For purposes of defendant's Section 2-615 motion, the Court must deem plaintiff's allegations true and draw all reasonable inferences in favor of plaintiff, including that plaintiff can establish a *prima facie* case that will entitle her to a judgment in her favor. Under this view, plaintiff has shown a clear, ascertainable right to assets of the Cook Estate that requires protection and has demonstrated a likelihood of success on the merits.

### B. Plaintiff Has No Adequate Remedy at Law

It is a well-established rule that a plaintiff has an adequate remedy at law where monetary damages will adequately compensate her for the alleged injury. *Lumberman's Mutual Casualty Co. v. Sykes,* 384 Ill.App.3d 207, 230-231 (2008). An adequate remedy at law, the existence of which will preclude a grant of injunctive relief, is one which is clear, complete and as practical and efficient to the ends of justice and its prompt administration as the proposed equitable remedy. *Hartlein v. Illinois Power Co.,* 209 Ill.App.3d 948, 957 (5th Dist. 1991).

Here, plaintiff will not have an adequate remedy at law because the Estate of Justin Cook will be stripped of its only asset if the settlement proceeds are distributed to Cook's heirs. As a result, plaintiff will not be able to recover any monetary damages and any judgment she secures against the Estate will be worthless.

Defendant has not shown that an adequate remedy at law exists, but only argues that the Court should enter a different preliminary injunction, one that allows defendant to disburse the

settlement proceeds to Cook's Estate, but prevents distribution pending resolution of plaintiff's wrongful death action. (Motion, p. 4). Furthermore, such an order would not, as claimed by defendant, "have the same effect of preserving the funds." Rather, it would be completely inadequate to protect the funds from waste. Therefore, irreparable harm will result if the only asset of the Estate is distributed to the heirs of Justin Cook.

In order to preserve the status quo under the circumstances of this case, the Court should require defendant, City of Chicago, to retain the settlement proceeds. Defendant's motion to dismiss should therefore be denied.

**WHEREFORE**, the plaintiff, **VANESSA CLYDE,** as Special Administrator of the Estate of **JUWAN WILLIAMS,** deceased, request that this Honorable Court deny the Motion to Dismiss filed by the defendant, **CITY OF CHICAGO.**

Respectfully submitted,

By: _____

Attorney for Plaintiff

Jeffrey S. Deutschman
**DEUTSCHMAN & ASSOCIATES P.C.**
77 W. Washington Street, Suite 1525
Chicago, Illinois  60602
(312) 419-1600
Atty No. 40171

6

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | | |
|---|---|---|---|
| VANESSA CLYDE, as Special Administrator | ) | | |
| of the Estate of JUWAN WILLIAMS, deceased, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | No: | 2015CH17829 |
| | ) | | CALENDAR/ROOM 02 |
| ESTATE OF JUSTIN COOK and | ) | | TIME 00:00 |
| CITY OF CHICAGO, | ) | | Injunction |
| | ) | | |
| Defendants. | ) | | |

### COMPLAINT AT LAW AND FOR INJUNCTIVE RELIEF

NOW COMES the Plaintiff, VANESSA CLYDE, as Special Administrator for the Estate of JUWAN WILLIAMS, deceased, by and through her attorneys, **DEUTSCHMAN & ASSOCIATES, P.C.**, and complains of the Defendant, JUSTIN COOK, and states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff's decedent, JUWAN WILLIAMS, was an individual who resided in the City of Chicago, County of Cook, and State of Illinois, until his death on May 20, 2014, at the age of 18.

2. JUSTIN COOK resided in the City of Chicago, County of Cook, and State of Illinois at the time of JUWAN WILLIAMS's death.

3. JUSTIN COOK and JUWAN WILLIAMS knew each other prior to JUWAN WILLIAMS' death.

4. That on May 19, 2014, the Defendant's decedent, JUSTIN COOK and the Plaintiff's decedent, JUWAN WILLIAMS, got into an argument that led to an altercation that resulted in JUSTIN COOK shooting his gun at the plaintiff's decedent.



5.    JUWAN WILLIAMS died on May 20, 2014 as a result of the aforementioned gunshots to his body.

6.    At the time JUWAN WILLIAMS was shot, JUSTIN COOK owned, carried, operated, controlled and shot the gun that discharged the fatal bullets that killed JUWAN WILLIAMS.

**COUNT I**
**WRONGFUL DEATH ACT – NEGLIGENCE**

7.    Plaintiff hereby incorporates and re-alleges paragraphs 1 through 6 above as though fully stated herein.

8.    The Wrongful Death Act, 740 ILCS 180/1, *et seq.*, states as follows:

> "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who … would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured…."

9.    Defendant's decedent, JUSTIN COOK, owned, carried, operated, controlled and shot the gun that discharged the bullets that killed JUWAN WILLIAMS.

10.    Defendant's decedent, JUSTIN COOK, had a duty to act with reasonable care in the ownership, management and control of the gun in question so as not to cause injury to members of the public, including the Plaintiff's decedent.

11.    Defendant breached the aforementioned duty as follows:

    (a)    The Defendant's decedent intentionally pulled the gun on the Plaintiff's decedent who was unarmed;

    (b)    The Defendant's decedent intentionally shot and killed the Plaintiff's decedent who was unarmed;

    (c)    Was otherwise being negligent in the ownership, use, maintenance, and/or safekeeping of the gun in question.

2

12.     As a direct and proximate result of one or more or all of the foregoing negligent acts or omissions of Defendant's decedent, JUSTIN COOK, Plaintiff's decedent, JUWAN WILLIAMS, sustained a fatal gunshot wound, causing pecuniary injuries including but not limited to loss of society and loss of companionship to the survivors and next of kin of JUWAN WILLIAMS.

WHEREFORE, Plaintiff prays that this honorable court enter judgment in favor of Plaintiff, VANESSA CLYDE, as Special Administrator for the Estate of JUWAN WILLIAMS, and against Defendant, JUSTIN COOK, in an amount exceeding $50,000.00, plus costs, and grant any further or other relief deemed reasonable.

### COUNT II
### ASSAULT AND BATTERY

13.     Plaintiff hereby incorporates and re-alleges paragraphs 1 through 12 above as though fully stated herein.

14.     That on May 19, 2014, the Defendant's decedent, JUSTIN COOK, intentionally and wrongfully assaulted the Plaintiff's decedent and then and there beat, bruised, wounded, ill-treated, shot and killed the Plaintiff's decedent, JUWAN WILLIAMS, without cause or provocation on the part of the Plaintiff's decedent.

15.     As a direct and proximate result of one or more or all of the foregoing negligent acts or omissions of Defendant's decedent, JUSTIN COOK, Plaintiff's decedent, JUWAN WILLIAMS, sustained a fatal gunshot wound, causing pecuniary injuries including but not limited to loss of society and loss of companionship to the survivors and next of kin of JUWAN WILLIAMS.

WHEREFORE, Plaintiff prays that this honorable court enter judgment in favor of Plaintiff, VANESSA CLYDE, as Special Administrator for the Estate of JUWAN WILLIAMS,

3

and against Defendant, JUSTIN COOK, in an amount exceeding $50,000.00, plus costs, and grant any further or other relief deemed reasonable.

## COUNT III
## WILLFUL AND WANTON ASSAULT AND BATTERY

16.     Plaintiff hereby incorporates and re-alleges paragraphs 1 through 15 above as though fully stated herein.

17.     That on May 19, 2014, the Defendant's decedent, JUSTIN COOK, intentionally and wrongfully assaulted the Plaintiff's decedent and then and there beat, bruised, wounded, ill-treated, shot and killed the Plaintiff's decedent, JUWAN WILLIAMS, without cause or provocation on the part of the Plaintiff's decedent.

18.     That said assault and battery was willful, intentional and malicious.

19.     As a direct and proximate result of one or more or all of the foregoing negligent acts or omissions of Defendant's decedent, JUSTIN COOK, the Plaintiff's decedent, JUWAN WILLIAMS, sustained a fatal gunshot wound, causing pecuniary injuries including but not limited to loss of society and loss of companionship to the survivors and next of kin of JUWAN WILLIAMS.

WHEREFORE, Plaintiff prays that this honorable court enter judgment in favor of Plaintiff, VANESSA CLYDE, as Special Administrator for the Estate of JUWAN WILLIAMS, and against Defendant, JUSTIN COOK, in an amount exceeding $50,000.00, plus costs, and grant any further or other relief deemed reasonable.

## COUNT IV
## PRELIMINARY INJUNCTIVE RELIEF

20.     Plaintiff hereby incorporates and re-alleges paragraphs 1 through 19 above as though fully stated herein.

4

21.     That prior to September 20, 2014, the defendant's decedent, JUSTIN COOK, was apprehended by the Chicago Police Department.

22.     That on September 20, 2014, defendant's decedent, JUSTIN COOK, had an asthma attack while in the custody of the City of Chicago Police Department and died shortly thereafter.

23.     That the defendant, ESTATE OF JUSTIN COOK, filed a discovery lawsuit against the City of Chicago on October 10, 2014 and the case was given the case no. of 2014 L 10570. This case was dismissed by the Circuit Court of Cook County motion judge on October 16, 2014.

24.     After October 16, 2014, the attorneys for the defendant, ESTATE OF JUSTIN COOK, and representatives of the CITY OF CHICAGO entered into settlement negotiations for the wrongful death action yet to be filed.

25.     That after October 16, 2014, the CITY OF CHICAGO and the defendant, ESTATE OF JUSTIN COOK, entered into a settlement of the wrongful death claim in the amount of $1,500,000.00.

26.     The CITY OF CHICAGO requires that settlements of the amount involved here receive City Council approval. At the time of the filing of this lawsuit, the CITY OF CHICAGO council had not officially approved the settlement by voting motion of the CITY OF CHICAGO Department of Finance.

27.     That should the CITY OF CHICAGO approve the settlement and disburse the proceeds of the settlement to the defendant, ESTATE OF JUSTIN COOK, the plaintiff's decedent's claim would not be able to be paid and the homicide committed by JUSTIN COOK would avoid punishment and justice.

28. That the plaintiff has standing to pursue injunctive relief in this matter. Without an order of this Court preventing the dissemination of the settlement proceeds the plaintiff's claim for wrongful death will not be able to be satisfied by any other source of income or proceeds.

29. That the Court should preserve the status quo until such time as the wrongful death claim/case of the Plaintiff is heard by the Court and a proper valuation of damages is set by a judge or jury.

30. That there is a likelihood that the plaintiff's claim/case will result in a judgment against the defendant ESTATE OF JUSTIN COOK in an amount of $1,000,000.00 or more.

31. That the plaintiff will suffer irreparable injury if the application for injunctive relief is not granted. Plaintiff will not have any other recourse of monetary recovery other than the proceeds from the CITY OF CHICAGO. The ESTATE OF JUSTIN COOK has indicated in its probate filing that the proceeds from the lawsuit against the CITY OF CHICAGO is the only asset of the estate.

6

WHEREFORE, Plaintiff prays that this honorable court enter an order for injunctive relief as against the defendant, CITY OF CHICAGO, granting an preliminary injunction preventing the CITY OF CHICAGO from disbursement of the settlement proceeds to the defendant, ESTATE OF JUSTIN COOK, and its attorneys, until such time as the claim/case of the plaintiff has been heard by judge or jury.

DEUTSCHMAN & ASSOCIATES, P.C.

_____
Attorney for Plaintiff

Jeffrey S. Deutschman
**DEUTSCHMAN & ASSOCIATES, P.C.**
77 West Washington Street
Suite 1525
Chicago, IL 60602
(312) 419-1600
Atty No. 40171

7

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| VANESSA CLYDE, as Special Administrator of the Estate of JUWAN WILLIAMS, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | No: |
| ESTATE OF JUSTIN COOK and CITY OF CHICAGO, | ) ) ) | |
| Defendants. | ) ) | |

<u>**222 AFFIDAVIT**</u>

I, JEFFREY S. DEUTSCHMAN, attorney for the Plaintiff, VANESSA CLYDE,

hereby claim that the amount of damages sought in this claim exceeds $50,000.00.

Affiant further sayeth naught.

_____
Jeffrey S. Deutschman

**DEUTSCHMAN & ASSOCIATES, P.C.**
77 W. Washington
Suite 1525
Chicago, Illinois 60602
312/419-1600
Attorney No.: 40171