# EXHIBIT G

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| VANESSA CLYDE, as Special Administrator of the Estate of JUWAN WILLIAMS, deceased, | )<br>)<br>) No. 2015 CH 17829 |
| Plaintiff, | )<br>) Calendar 02 |
| v. | )<br>) |
| ESTATE OF JUSTIN COOK and CITY OF CHICAGO, | )<br>)<br>) |
| Defendants. | ) |

### DEFENDANT ESTATE OF JUSTIN COOK'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT ESTATE OF JUSTIN COOK'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AT LAW AND FOR PRELIMINARY INJUNCTIVE RELIEF PURSUANT TO 735 ILCS 5/2-615

Now comes Defendant, the Estate of Justin Cook (hereinafter the "Estate"), by one of its attorneys, Michael D. Robbins, Michael D. Robbins & Associates, and in reply to Plaintiff's Response to Defendant Estate's Motion to Dismiss Plaintiff's Complaint at Law and for Preliminary Injunctive Relief, states as follows:

### BACKGROUND

Plaintiff, Vanessa Clyde, as Special Administrator of the Estate of Juwan Williams, filed her Complaint at Law and for Injunctive Relief against the Estate of Justin Cook and the City of Chicago containing state-law tort claims alleging that Justin Cook shot and killed Juwan Williams. Plaintiff further asks for a preliminary injunction preventing the City from disbursing any settlement proceeds to the Estate of Justin Cook and its attorneys, until such time as her wrongful death case proceeds to trial. The Estate of Justin Cook moved the court to dismiss Plaintiff's state-law claims and prayer for injunctive relief pursuant to §2-615. 735 ILCS 5/2-615. Plaintiff's response to Defendant Estate's Motion to Dismiss contains the following

1

arguments: (1) Plaintiff's tort claims are factually sufficient under Illinois's fact-pleading standard; (2) Plaintiff is entitled to the settlement proceeds pursuant to Defendant Estate's Survival Act claim; and (3) preliminary injunctive relief is appropriate in this case. Plaintiff's response to all issues raised by Defendant Estate of Justin Cook is one of *ipse dixit* rather than being ground in relevant authority, concrete facts, or sound reasoning. As such, Plaintiff's motion for injunctive relief should be denied.

## ARGUMENT

### I. PLAINTIFF'S COMPLAINT AT LAW IS FACTUALLY INSUFFICIENT

Under Illinois's fact-pleading standard, the Plaintiff must allege facts sufficient to bring a claim within a legally recognized cause of action. *Vernon v. Schuster*, 179 Ill.2d 338, 344, 228 Ill.Dec. 195, 688 N.E.2d 1172 (1997). The requirement that a complaint set forth facts necessary for recovery is not satisfied by conclusory allegations which require liberal construction of pleadings. *Teter v. Clemens*, 112 Ill.2d 252, 256–57, 97 Ill.Dec. 467, 492 N.E.2d 1340 (1986). A court must disregard complaints which contain mere conclusions and require facts sufficient to state a cause of action against the defendant. If not, the claim must be dismissed, "regardless of how many conclusions the count may contain and regardless of whether or not they inform the defendant in a general way of the nature of the claim against him." *City of Chicago v. Beretta U.S.A. Corp.*, 213 Ill. 2d 351, 358, 821 N.E.2d 1099, 1107 (2004)(citing *Knox College v. Celotex Corp.*, 88 Ill.2d 407, 426, 58 Ill.Dec. 725, 430 N.E.2d 976 (1981)).

Plaintiff's reliance on *Kling v. Landry*, 292 Ill.App.3d 329 (2nd Dist. 1997) is misplaced. Contrary to Plaintiff's argument, *Kling* illustrates the insufficiency of Plaintiff's complaint. In *Kling*, the plaintiff brought an action for intentional battery, among other claims. In her complaint, the plaintiff alleged that, "on June 16, 1993, the defendant met the plaintiff at her home, removed her clothing, pushed her onto a rug in her kitchen, and initiated sexual

2

intercourse" and further detailed the lengthy and troubled history between the defendant and the plaintiff. *Kling*, 292 Ill.App.3d at 332. The circuit court dismissed plaintiff's battery claim under §2-615 referring to plaintiff's failure to respond to the defendant's demand for a bill of particulars, which sought specific information relating to the plaintiff's psychological injuries and treatment. *Kling*, 292 Ill.App.3d at 338. The appellate court found that the particular information sought by the defendant was beyond the plaintiff's burden of the initial pleading phase and that plaintiff had pled sufficiently specific facts to support her battery claim. *Kling*, 292 Ill.App.3d at 339-340.

In the instant case, Defendant Estate is not seeking extraneous information analogous to the information sought by the defendant in *Kling*, but rather the basic facts which are essential to the claims. Here, Plaintiff's complaint is void of critical basic facts such as the location of the incident, the parties' relationship, the circumstances surrounding the alleged altercation, and the specific conduct of the parties, all of which are necessary to enable the defendant to defend this action. "A plaintiff may not rely on conclusions of law or fact unsupported by specific factual allegations." *Simpkins v. CSX Transportation, Inc.*, 2012 IL 110662, ¶ 26, 358 Ill.Dec. 613, 965 N.E.2d 1092; *see also Beretta U.S.A. Corp.*, 213 Ill.2d at 368(Only well-pleaded facts will be considered as opposed to conclusions which must be disregarded); *Anderson v. Vanden Dorpel*, 172 Ill.2d 399, 408, 217 Ill.Dec. 720, 667 N.E.2d 1296 (1996)(While a plaintiff is not required to set forth evidence in the complaint, she cannot simply allege conclusions when opposing a motion to dismiss).

Plaintiff's complaint contains only conclusory allegations which merely allege that "on May 19, 2014, the Defendant's decedent, Justin Cook, intentionally and wrongfully assaulted the Plaintiff's decedent and then and there beat, bruised, wounded, ill-treated, shot and killed the

3

Plaintiff's decedent, Juwan Williams, without cause or provocation on the part of the Plaintiff's decedent." (Pltf. Ex. A, p. 3). Plaintiff has pled mere conclusory allegations rather than "specific factual" allegations, and therefore Plaintiff's claim should be dismissed pursuant to §2-615.

II. **PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF SHOULD BE DENIED**

    A. **To the extent the proceeds of the settlement are disbursed pursuant to the Illinois Wrongful Death Act rather than the Illinois Survival Act, the Plaintiff has no claim against those proceeds.**

Plaintiff seeks to pursue claims against the Defendant Estate of Justin Cook, pursuant to the Survival Act. The settlement at issue with Defendant City of Chicago is to be disbursed pursuant to the Wrongful Death Act, not the Survival Act. Accordingly, and to the extent the proceeds of the Defendant's Estate are disbursed pursuant to the Wrongful Death Act, the Plaintiff's Estate has no claim against those proceeds. 740 ILCS 180/1, *et seq.*

    B. **Plaintiff is unable to meet the necessary elements of preliminary injunctive relief.**

In her response, Plaintiff states that she has "alleged ultimate facts that show Plaintiff's potential right to recover damages under theories of negligence, assault and battery, and willful and wanton conduct." (Resp. p. 6). Such *ipse dixit* hardly satisfies the four elements a moving party must establish to obtain a preliminary injunction. Where the basis for the preliminary injunction rests in the complaint, plaintiff is required to allege, with both certainty and precision, specific facts regarding the elements of a preliminary injunction. *Office Elecs., Inc. v. Adell*, 228 Ill.App.3d 814, 818, 593 N.E.2d 732, 735 (1992).

As demonstrated above, Plaintiff's response merely reasserts the allegations of her complaint and certainly does not demonstrate a likelihood of success on the merits. A party seeking a preliminary injunction must raise a fair question as to each element required to obtain the injunction. *People ex rel. Klaeren v. Village of Lisle*, 202 Ill.2d 164, 177, 269 Ill.Dec. 426,

4

781 N.E.2d 223, 230 (2002). Propped up by baseless assumptions alone, Plaintiff cannot show whether she has either an ascertainable right to relief or any likelihood of success. Nor can Plaintiff establish any "irreparable injury" in the absence of an injunction. Thus, Plaintiff's prayer for injunctive relief must be denied.

## CONCLUSION

**WHEREFORE**, the Defendant Estate of Justin Cook, requests this court deny Plaintiff's prayer for injunctive relief, dismiss the Estate from this action, and for any other relief this Court deems appropriate.

Respectfully Submitted,

Estate of Justin Cook

By: _____
Michael D. Robbins,
One of the Attorneys for the Estate
of Justin Cook

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

_____
Michael D. Robbins,
One of the Attorneys for the Estate of
Justin Cook

Michael D. Robbins
Michael D. Robbins & Associates
20 North Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 899-8000
(312) 781-9123 Fax
Atty. No. 24463

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 223-1100
(312) 781-9123 Fax
Atty. No. 41155