# EXHIBIT H

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| VANESSA CLYDE, as Special Administrator of the Estate of JUWAN WILLIAMS, deceased, | ) ) ) ) No. 2015 CH 17829 |
| Plaintiff, | ) ) ) Calendar 02 |
| v. | ) ) |
| ESTATE OF JUSTIN COOK and CITY OF CHICAGO, | ) ) ) ) |
| Defendants. | ) |

## DEFENDANT CITY OF CHICAGO'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF CHICAGO'S AMENDED MOTION TO DISMISS PLAINTIFF'S CLAIM FOR PRELIMINARY INJUNCTIVE RELIEF PURSUANT TO 735 ILCS 5/2-615

Defendant City of Chicago (hereinafter referred to as the "City") by one of its attorneys, Scott A. Cohen, Assistant Corporation Counsel, for its Reply to Plaintiff's Response to Defendant City of Chicago's Amended Motion to Dismiss Plaintiff's Claim for Preliminary Injunctive Relief pursuant to 735 ILCS 5/2-615, states as follows:

### BACKGROUND

On December 9, 2015, Plaintiff filed his Complaint in which he requests preliminary injunctive relief preventing the City from disbursing potential settlement proceeds from related to a federal lawsuit, *Cook v. City of Chicago, et al.*, 14 CV 7997. On February 2, 2016, the City filed its Amended Motion to Dismiss arguing Plaintiff's prayer for injunctive relief against the City should be denied because Plaintiff a) has not demonstrated a clearly ascertainable right to the potential settlement proceeds in question, b) has not demonstrated a likelihood of success on the merits, and c) has another adequate remedy at law. On March 21, 2016, Plaintiff filed her response, arguing she a) does have an ascertainable right, b) has demonstrated a likelihood of success, and c) has no adequate remedy at law.

## PLAINTIFF'S PRAYER FOR A PRELIMINARY INJUNCTION AGAINST THE CITY SHOULD BE DENIED

### 1. Plaintiff has not demonstrated a clearly ascertainable right nor a likelihood of success on the merits.

As a general rule, a preliminary injunction will only be granted where the plaintiff shows it (1) has a clearly ascertainable right that needs protection, (2) will suffer irreparable harm without the protection, (3) has no adequate remedy at law, and (4) is likely to succeed on the merits. *McInnis v. OAG Motorcycle Ventures, Inc.*, 2015 IL App (1st) 142644, par. 25 (2015) (citing *Postma v. Jack Brown Buick, Inc.*, 157 Ill.2d 391, 399 (1993)). Plaintiff argues in her response that, under Illinois' fact-pleading standard, her Complaint adequately states legal claims, and she therefore has demonstrated a) a clearly ascertainable right to the potential *Cook* settlement proceeds and b) a likelihood of success in her litigation against Cook's Estate. While it may be true that Plaintiff's claims against Cook's Estate are plead sufficiently to state a claim, it does not therefore stand to reason that she has, by simply filing her Complaint, proven she is clearly entitled to the potential *Cook* settlement proceeds or that she is likely to prevail in her lawsuit against Cook's Estate in the first place.

Plaintiff argues, for purposes of deciding this issue, this Court must deem her allegations true and draw all reasonable inferences in her favor, including that she can establish a *prima facie* case that will entitle her to a judgment. (Plaintiff's Response, p. 5). Under this reasoning, whenever deciding whether a request for injunctive relief should be granted, a court must always find a movant has demonstrated a clearly ascertainable right and a likelihood of success so long as his pleadings are minimally sufficient to state a claim upon which relief could be granted. This cannot be the case.

Plaintiff must demonstrate certain critical elements under *McInnis* and *Postma*, namely, likelihood of success on the merits and that and she has a clearly ascertainable right. The complaint does not meet these elements. Plaintiff may have alleged facts to support her claim, but these facts

2

do not show she is entitled to relief, specifically a right a portion of the potential settlement proceeds in *Cook*. Plaintiff is therefore unlikely to success on the on the merits. For these reasons, Plaintiff's request for preliminary injunctive relief should be denied.

## 2. Plaintiff does have another adequate remedy at law.

Under *McInnis* and *Postma*, a plaintiff must demonstrate he has no other adequate remedy at law before injunctive relief may be granted. An adequate remedy at law must be "concise, complete, and provide the same practical and efficient resolution as the equitable remedy would provide." *In re Marriage of Slomka and Lenehan-Slomka*, 397 Ill.App.3d 137, 145 (2009) (citing *Hough v. Weber*, 202 Ill.App.3d 674, 687 (1990). The City argued in its Amended Motion to Dismiss that Plaintiff does have another adequate remedy at law, namely Plaintiff could ask this Court to order Cook's Estate to hold the potential settlement proceeds (and not disburse to Cook's heirs) pending the outcome of her lawsuit against Cook's Estate. (City's Amended Motion to Dismiss, pp. 4-5). Plaintiff opposes this argument.

In her response, Plaintiff argues that a court order preventing Cook's Estate from disbursing potential settlement proceeds to Cook's heirs would not adequately preserve the funds. (Plaintiff's Response, p. 6). Plaintiff argues such an order would in fact be "completely inadequate to protect the funds from waste." (Plaintiff's Response, p. 6). Plaintiff does not, however, make any argument whatsoever as to *why* an order from this Court requiring Cook's Estate to preserve the potential settlement proceeds pending the outcome of Plaintiff's lawsuit would not be adequate. To the extent Plaintiff would argue Cook's Estate, through its attorneys, would simply disburse the funds to Cook's heirs despite the existence of a court order requiring the funds be maintained in the Estate, that argument is not persuasive. If this Court orders Cook's Estate to maintain the funds and not

disburse to Cook's heirs, the presumption must be, absent some evidence to the contrary, that Cook's Estate will abide by such an order.

Plaintiff makes no argument as to why an order from this Court requiring Cook's Estate to maintain the potential settlement proceeds (without disbursing to Cook's heirs) pending the outcome of Plaintiff's lawsuit would be inadequate to protect Plaintiff's interests. Such a remedy would in fact be effective and in the interests of judicial economy in that it would eliminate a party from this lawsuit. Because Plaintiff has another adequate remedy other than injunctive relief against the City, this Court should dismiss the City as a defendant.

## CONCLUSION

**WHEREFORE**, for the reasons set forth in this reply and in the City's Amended Motion to Dismiss, Defendant City of Chicago requests this court deny Plaintiff's prayer for injunctive relief, dismiss the City of Chicago from this action, and for any other relief this Court deems appropriate.

Date: April 11, 2016

Respectfully Submitted,

City of Chicago

By: _____
One of Defendant's Attorneys

Scott A. Cohen
Assistant Corporation Counsel
Attorney No. 6292577
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-2568 Office
(312) 744-6566 Fax

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

_____
Attorney for Defendant City of Chicago

4